## VAN DUZEE *v.* UNITED STATES.

*(District Court, N. D. Iowa, E. D.*  March 6, 1890.)

1. CLERK OF COURT—FEES—FILING PAPERS IN CRIMINAL CASES.
     Under the statute of the United States giving a fee of 10 cents for filing and entering every declaration, plea, or other paper, the clerk is entitled to that fee for every material paper properly sent up by a commissioner in a criminal case, and is not required to bundle together, and file as one, all the papers except the final recognizance.

2. SAME—FILING APPOINTMENTS OF DEPUTY-MARSHALS AND RECORDING OATHS.
     It being the clerk's duty to file the appointments of deputy-marshals, and record their oaths of office, he is entitled to receive the fee therefor from the government, whether or not the government can reimburse itself from the officers.

3. SAME—COPIES OF INDICTMENTS IN OTHER THAN CAPITAL CASES.
     Under Const. U. S. amend. 6, entitling the accused "to be informed of the nature and cause of the accusation," he is entitled to a copy of the indictment, though Rev. St. U. S. § 1033, provides for furnishing such copy only in capital cases; and the clerk is accordingly entitled to pay for preparing the copy.

4. SAME—ENTRIES ON JACKETS.
     Fees for entries on the jackets in which the papers are inclosed, showing the date of disposition of the cases, and the pages of the record where the proceedings will be found, are covered by the general charges for indexing.

5. SAME—ENTRY OF RETURN OF GRAND JURY.
     For entry of the return of a grand jury, the clerk is entitled only to the statutory folio fees.

6. SAME—DOCKET FEES—CASES IGNORED BY COMMISSIONER.
     The clerk is entitled to the fee "for making dockets, indexes, taxing costs, and other services in a cause which is dismissed or discontinued," in cases brought before a commissioner where the defendant was held to appear, though the grand jury ignored the case, and it was therefore dismissed.

7. SAME—AUTHENTICATING ORDER FOR PAYMENT OF JURORS' AND WITNESSES' FEES.
     Orders for the payment of witnesses and jurors by the marshal should be authenticated by the signature of the clerk, with the seal attached, and the clerk is therefore entitled to charges for affixing the seal.

8. SAME—ENTERING ORDER FOR TRIAL—RECORDING VERDICT.
     The fee allowed "for making dockets, indexes, issuing *venires*, taxing costs, and all other services on the trial or argument of a cause," does not include entering the order for trial, and recording the verdict.

9. SAME—FILING PRÆCIPES FOR BENCH-WARRANTS.
     The clerk is entitled to fee for filing *præcipes* for bench-warrants by the district attorney, as by the settled practice these warrants do not issue immediately on the order of the court, but only when required by the attorney; and the same rule applies to *præcipes* for commitment on sentences to pay a fine, and be committed until its payment.

10. SAME—FINAL RECORD IN CRIMINAL CASES.
     Under a rule of court providing, in the absence of statutory provisions, that in criminal cases the final record shall include the order made by the commissioner binding the defendant to appear before the grand jury, the clerk is entitled to pay for entering the return of the commissioner in the final record; and it cannot be contended that there is no case in court until indictment found.

11. SAME—FEE FOR DISCONTINUANCE—REMOVAL TO OTHER DIVISION.
     Where a case is removed from one division of the district to another, the clerk cannot recover the fee allowed for "services in a cause which is dismissed or discontinued."

12. SAME—COPIES OF SUBPŒNAS.
     Though Rev. St. U. S. § 829, fixing the marshal's fee for service of subpœnas, forbids him to make a further charge for copy, the clerk being required by rule of court to make copies to be left with the witnesses, is entitled to recover pay therefor.

At Law.   Petition to recover for services as clerk of courts.

*A. J. Van Duzee, pro se.*

*T. P. Murphy,* U. S. Dist. Atty., for defendant.

SHIRAS, J. The question presented by the demurrer to the petition filed in this cause is as to the right of plaintiff to recover for certain services rendered by him as clerk of the United States courts in the northern district of Iowa.

The first division of account sued on includes the fees charged in 45 criminal cases for filing the papers certified up by the commissioners before whom the cases were commenced. In the majority of the cases, the number of papers filed by the clerk ranges from 4 to 6. A few number 8 papers, and one reaches 16. In the whole number, of 45 cases, there were filed 267 papers, or an average of 5 14-15 to each case. It is admitted by defendant that for each paper properly filed the clerk is entitled to a fee of 10 cents; and the question is whether the clerk should file all the papers certified up by the commissioners, or should select out certain ones and file these only; or, to put the proposition in the language of counsel for defendant, "the plaintiff was entitled to one filing for each final recognizance, and one filing for all other papers in the case. The latter should be fastened together, and filed as one paper." This is the position taken by the accounting officials at Washington, and, in accordance therewith, they have allowed to plaintiff for the filing of two papers in each case. The statute gives a fee of 10 cents for filing and entering every declaration, plea, or other paper. For every paper properly filed, the clerk is entitled to charge the named fee of 10 cents. When the papers in a case are received from the commissioner, it is the duty of the clerk to file the same; and I can see no ground for holding that he should select out the final recognizance for filing, and then fasten together all the other papers, and file the bundle as a single paper, thus making two papers in each case. The important papers pertaining to cases brought before the commissioners are the information, the warrant of arrest, and return thereon, the entry or evidence of proceedings had before the commissioner, including the order of committal, the recognizance entered into by the defendant, if any, and the fee-bill taxed up by the commissioner. In given cases, there may be other papers of moment which the commissioner should send up. When received by the clerk, they are papers which he should file; and it is not his duty to select out one or more of such papers as specially important, and file that, and then bundle the others together, according to the contention on behalf of the defendant. It may be urged that the commissioners might send up a large number of papers which are wholly immaterial, and that the clerk ought not to be paid for filing matters of this nature. It is not the duty of the clerk to receive and file immaterial papers. When papers, however, which are properly sent to him in a given case, are of such a nature that he should receive and file them, then he is not under obligation to fasten all together, and call them one paper, when in fact they are not. The information, warrant of arrest, the order made by the commissioner, the recognizance entered into by defendant, the fee-bill, and other like matters, were not parts of one paper before the commissioner, but were separate and distinct; and they remain so when sent to the clerk. He is under no obligation to fasten them

together, and, if for convenience sake he does so, there is no magic in a brass fastening, or the more venerable red tape, which can convert these papers into one. There is no claim made that the several papers filed in the cases named in the first division of the account sued on were not in fact filed, nor that they were not papers properly sent up by the commissioners. As I can see no legal foundation for the bundling theory advanced on behalf of the defendant, the conclusion is that plaintiff is entitled to recover the statutory fee for filing the several papers in the account described.

The second division in the account is for the sum of $4.50, for filing the appointment of the several deputy-marshals, and recording their oaths of office. The objection urged thereto is "that any service incident and necessary to the appointment and qualification of an officer should be borne by him." As between the United States and the parties appointed to office, it may be that such is the correct rule, but it does not follow that the United States can require the clerk to perform the service indicated, and then compel him to look to the officer for the pay. Is such, however, the rule between the United States and its appointees? Do the judges, marshals, district attorneys, clerks, and other like officers pay the cost of the preparation and issuance of their commissions? I do not understand such to be the practice of the government. The only way the clerk can secure pay for the services in question from the officer would be to refuse to file or record the papers until the fee was paid. Has the clerk the right to refuse to file and record such papers, when offered him, until the proper fee therefor is paid? By so doing, the interests of the government and its citizens might be put in jeopardy; for thereby the public officers may be seriously delayed in the completion of their right to enter upon the discharge of the duties of their respective positions. Again, if the matter of the recompense coming to the clerk for filing and recording commissioners' oaths of office and the like is a matter between the clerk and the officers, on the theory that such services do not come within the purview of the fee-bill, then how and by whom is the amount to be paid to be determined? Suppose the clerk demands five dollars, and the marshal offers one dollar. Is the public business to be brought to a stand-still until the question of the amount to be paid is judicially settled? This could not be tolerated for a moment. The filing and recording of the necessary papers to complete the authority of the given officer to enter upon the duties of his position is work done in the interest of the public, as well as in that of the officer; and the clerk has no right to interfere with the public business by refusing to file and record the papers in question. It is his duty to file and record the same,—a duty due the public; and the government, as the representative of the public, should recompense him therefor. If, as between the government and the officer, the latter should pay such costs, the government can deduct the same from the pay coming to the officer.

The next item is for furnishing a copy of an indictment to a defendant charged with selling liquor to Indians contrary to the statute; the sum charged being 90 cents. The claim is that this should be charged to the party interested, and that it is only in capital cases that the United States

furnishes the defendant a copy of the indictment free of costs. Section 1033 of the Revised Statutes provides that in cases of treason a copy of the indictment, a list of the jury,.and of the witnesses, shall be delivered to the defendant at least three days before the time of trial, and in other capital cases such copy and list must be furnished at least two days before the trial. The section does not deal with other classes of cases, and it certainly does not enact that defendants are not entitled to a copy of the indictment against them. In article 6 of the amendments to the constitution it is provided that the accused "shall enjoy the right to a speedy and public trial, * * * and to be informed of the nature and cause of the accusation." How can a defendant be fully and properly informed of the nature of a charge against him except by being furnished with a copy of the indictment? Under the provisions of the Code of Iowa, it is required that upon arraignment a copy of the indictment shall be furnished to the defendant in every case. The common practice prevailing in the state aids the court in determining in what mode the constitutional provision shall be carried out, and the defendant be informed of the nature of the charge and cause of accusation to which he has been required to answer. Will it be questioned that, when a defendant is charged with an offense which may be punished by imprisonment for years or life, it is due to him that he be furnished with a copy of the indictment? The constitutional provision already quoted is a law of higher authority than an enactment of congress, and it places the duty of carrying out its provisions upon the court. If congress should enact that.a defendant should not have furnished to him a copy of the indictment, such enactment would not be binding upon the court; for the constitution makes it the duty of the court to inform the defendant of the nature of the charge and cause of accusation against him, and it is the duty of the court to see that this constitutional provision is properly and fairly carried out. In what other mode can this be done, in justice to the defendant, except by causing to be furnished to him a copy of the indictment to which he is required to plead? When the clerk, in obedience to the order of the court,—which, in turn, is acting in obedience to the constitutional mandate,—furnishes a copy of the indictment to the defendant, the same is furnished under the provisions of a law of the United States; and for work thus done he is entitled to compensation.

The next item in plaintiff's account is for making final entries or records in 28 cases, consisting of an entry made upon the jacket in which the papers are inclosed. The entry thus made is a brief minute, enabling one to ascertain at once the date of the disposition of the case, the pages of the fee-book and record wherein will be found the proceedings taken in the case, and is more in the nature of an index than a record or final entry. I do not think these entries thus made, highly convenient as they are, can be brought within the provisions of the fee-bill, except under the head of indexes; and as such they are covered by the general charge therefor. To this item the demurrer is sustained.

The only objection made by defendant to the charge of $9.75 for entering marshals' returns of subpœnas is that it does not appear that the returns have been entered, but this objection is not well taken, in fact.

The returns have been promptly entered; and no question, therefore, exists as to the right of the clerk to recover the amount charged therefor.

For the entries made of the return made by the grand jury in the several cases included in the sixth item, the plaintiff is entitled to the statutory folio fees, and no more, for the entry actually made; so that plaintiff is not entitled to recover on this item.

The seventh item is for docketing, indexing, and taxing costs in nine cases at one dollar each. The fee-bill provides that, "for making dockets, indexes, taxing costs, and other services in a cause which is dismissed or discontinued, * * * one dollar." The cases embraced in this item of the account were brought before commissioners, the defendants held to appear, but the grand jury ignored the same, and hence the same were dismissed. The contention of the defendant is that these were not cases, within the meaning of the statute. When the information was filed before the commissioner, and the defendant was arrested, and brought before him for hearing, the proceeding was a judicial proceeding, with adversary parties. Section 847 of the Revised Statutes enacts that the commissioner shall receive, "for hearing and deciding upon the case of any person charged with any crime or offense, * * * five dollars a day for the time necessarily employed." If the proceeding before the commissioner is a "case," within the meaning of section 847, how does it cease to be a case when it is sent up to the court? The proceeding is one wherein the government charges the defendant with the commission of an offense against the laws of the United States. The grand jury is one branch of the court; and, when the cases are being investigated before it, the court is dealing with the cases, through the grand jury, just as it does when the case is submitted to a trial jury. If the grand jury finds an indictment, then the court proceeds to a trial of the accused. If the grand jury ignores the matter, the court may continue the case for further examination before another grand jury; or it may dismiss the case, and order the discharge of the party, if in custody, or the release of his bond, if he is out on bail. From the initiation of the proceeding before the commissioner until its final termination by a trial before the petit jury, or until its dismissal by the court for any reason, the proceeding is a "case," within both the letter and spirit of the statute; and hence the clerk is entitled to the dollar charged in each case.

The next question raised by the demurrer is to the charge for the seal affixed to the copies of orders for payment by the marshal of the sums due jurors and witnesses. These charges are contested upon the theory that "the seals are not necessary, and not required by the accounting officers, in the adjustment of the marshal's accounts. The clerk and marshal, being required to attend each sitting of the court, are cognizant of its orders. Hence, no seal is required to authenticate orders to them. The court, to exemplify its orders to its officers by its seal, is to exemplify them to itself." If this reasoning be good, then it is not necessary for the marshal to have furnished him a copy of the order. Being an officer of the court, and therefore cognizant of its orders, he can say: "I heard the order made by the court for the payment of the witnesses and

jurors, and rely upon the knowledge, thus acquired." Would the accounting officers at Washington pass the marshal's accounts, showing the payment of thousands of dollars to witnesses and jurors, upon the statement by the marshal that, as an officer of court, he was present at its sittings, and heard the order made, and therefore knew that he was authorized to pay out the sums named? Section 855 requires the court to enter on its minutes an order for the payment to witnesses and jurors of the fees due them, and this order is the authority to the marshal for the payments of the sums therein set forth. An accounting officer who would allow the marshal for accounts claimed to have been paid to witnesses and jurors upon his bare statement that he had heard the court make the order for payment would be derelict in his duty, and I do not believe a marshal's account has ever been allowed unless it has been accompanied with evidence that the court had made the order required by section 855. What is the evidence of such order, except a copy thereof duly certified to by the clerk, with the proper seal attached? The copy, to be of value, must be duly certified to; and the usual and proper form is to attest the correctness thereof by the signature of the clerk with the seal attached. An examination of the printed forms furnished to the marshal will show that there is appended thereto the usual form of certificate referring to the seal as attached. Therefore, when a copy of the order directing the payment of witnesses and jurors is furnished to the marshal, it should be so authenticated as to be evidence to him, and also for him, as need may arise, of the order as it stands upon the records of the court; and this can only be done by having the copy duly certified by the clerk, with the seal attached.

Exception is also taken to the seventeenth item in the account, which is for the folio fees for entering order of trial and verdict in 38 cases; the claim being that such services are included in the fee allowed "for making dockets, indexes, issuing *venires*, taxing costs, and all other services on the trial or argument of a cause." Is the entry for an order of trial, or the recording the verdict, service rendered on the trial or argument of a cause? The order for trial precedes the trial, and may be entered many days before the trial itself is begun; for, until the jury is sworn, the trial proper has not been entered upon. For the entry at large, upon the records of the court, of the verdict returned by the jury, the clerk is entitled to the proper folio fees allowed for making a record.

The next item objected to is the fee of 10 cents charged for filing *præcipes* for bench-warrants by the district attorney; the ground of exception being that the court had already ordered the issuance of the bench-warrants, and hence a *præcipe* was unnecessary. The practice is, upon the return of the indictments, for the district attorney to move the court for the issuance of a bench-warrant, and for an order fixing the bail to be given. The order made by the court, however, is not intended to be at once obeyed by the clerk, but simply to enable the district attorney to cause the issuance of the warrant of arrest when it becomes necessary. In many cases the defendant appears. Should it be made known to the court that the clerk issued the bench-warrants without awaiting the orders

of the district attorney, he would be admonished that such was not the proper course to pursue, and would be instructed to await the order of the district attorney. When, in a given case, the issuance of the bench-warrant is desired, the district attorney directs it to be done by filing a *præcipe;* and, in obedience thereto, the clerk issues the warrant. The filing the *præcipe* is in accordance with the settled practice of the court, and the clerk is therefore justified in filing the *præcipe,* and making the proper charge therefor. The same rule applies to the charge for the *præcipes* filed for the issuing *mittimuses* for the committal of defendants who have been sentenced to pay given fines, and be committed till paid. The collection of these fines is under the control of the district attorney; and it is for him to determine when the exigency of a particular case requires the committal of a defendant, and the issuance of a *mittimus* for that purpose. In the issuance thereof, the clerk obeys the direction of the district attorney, and the proper mode is for the district attorney to file a *præcipe* when the issuance of the writ is desired.

The exception to the forty-second item presents the question of what should be entered by the clerk in making the final record in a case; the contention of defendant being that the final record should not embrace any of the proceedings before the commissioner. It is required by the court that the commissioners shall send up in each case a brief return, showing the steps taken in the case before them, and the conclusion reached therein. The court is charged with the duty of examining the accounts of the commissioners for services rendered in all cases before them, and the return or order thus required is a means for securing correct accounts from them. In the absence of any statutory provision touching the matter to be embraced in the final record, the court has adopted a rule upon the subject providing that, in all criminal cases, unless otherwise specially ordered, the final record shall include the order made by the commissioner binding the defendant to appear before the grand jury, the indictment, the presentment thereof, the bench-warrant, if any, and return thereon, the plea of defendant, the verdict of the jury, and the final orders and sentence of the court thereon. In carrying out this rule of court, the clerk has entered the brief return of the commissioner, which shows the order committing the defendant; and the ground taken, that there is no case in court until the indictment is found, is not well taken. The rule of court above referred to governs the clerk in making the final record in criminal cases, and for services rendered in accordance therewith the clerk is entitled to compensation.

The exception to the docket fee of one dollar, charged in case No. 3,140, removed for trial from one division of the district to another, is sustained. The case has not been discontinued, nor dismissed. When it is terminated, the proper docket fee will then be chargeable.

The last exception is for the fee charged for making copies of subpœnas furnished to the marshal, to be left with the witnesses when they are summoned; it being claimed that paragraph 5 of section 829 of the Revised Statutes forbids such charge. This paragraph fixes the fee payable to the marshal for service of a subpœna, and forbids the marshal

from making a further charge for copy, summons, or notice to a witness. The section has reference solely to the fees of the marshal, and does not deal with the fees due the clerk. That a copy of the subpœna should be left with the witness will not be questioned. It is a standing rule of this court that the clerk, in issuing subpœnas in criminal cases, shall make copies thereof, to be left with the witnesses. This rule was adopted by the court to insure prompt and proper service of subpœnas. The marshal receives nothing for serving the copy, and the inhibition found in paragraph 5 of section 829 is observed. The clerk is bound by the rule of court to make these copies. The services are within the line of his duty, and no reason is perceived why he is not entitled to compensation therefor.

There is, it seems to me, a fundamental error in the view taken of this line of questions by the accounting officers of the department; and that is the assumption that there is no legal basis for allowing compensation to the clerk, unless some section of the Revised Statutes, or of the Statutes at Large, specifically requires the work to be done. It will not be denied that the court has full power and right to adopt rules regulating the procedure of the court in criminal cases. When the court, in the exercise of this undoubted right, adopts rules requiring the clerk to furnish copies of indictments, copies of subpœnas, to include certain matters in the final record, and other like requirements, the legal duty and obligation of the clerk to perform such services is as well established as though such rules formed part of the Revised Statutes. If the work thus done in obedience to the rule of court falls within the character of services for which the fee-bill allows compensation, the clerk is legally entitled to the statutory compensation therefor.

The foregoing opinion covers all the questions of law presented by the demurrer; and, it not being questioned that the services were in fact rendered, it follows that plaintiff is entitled to recover for items Nos. 1 to 3, inclusive; 5, 7 to 16, inclusive; 18 to 21, inclusive; 23, 24, 26 to 33, inclusive; 35 to 42, inclusive; 44, 45, 47 to 52, inclusive; 54, 55, 57 to 77, inclusive; and 79 to 99, inclusive,—amounting in all to $516.15, —and is not entitled to recover for Nos. 4, 6, 17, 22, 25, 34, 43, 46, 53, 56, and 78.