## UNITED STATES *v.* VAN DUZEE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF IOWA.

No. 1244. Argued March 12, 13, 1891. — Decided May 11, 1891.

A clerk of a Circuit or District Court of the United States, receiving papers
sent up in criminal cases by the commissioners before whom the ex-
aminations were had, may file them in the order and as they come from
the commissioners, and is entitled to his fee for filing each such paper.

He may also charge for filing oaths, bonds and appointments of deputy
marshals, jury commissioners, bailiffs, district attorneys and their assist-
ants, and further for recording them if required by order of court or
by custom to do so; but not for administering the oaths of office to
them or preparing their official bonds.

He is also entitled to his legal charges for approving the accounts of such
officers under the act of February 22, 1875, 18 Stat. 333, c. 95.

He is also entitled to charge for furnishing a copy of an indictment to the
defendant when ordered to do so by the court; but not otherwise.

He is also entitled to a fee for filing criminal cases sent up by a commis-
sioner, but not for docketing the same unless indictment is found.

When the Treasury Department requires copies of orders for payment by the
marshal of sums due to jurors and witnesses to be authenticated by the
seal of the court, the clerk is entitled to his fee for affixing it; but not
otherwise.

He is not entitled to a fee for entering an order for trial and recording a
verdict in a criminal case, that charge being covered by the fee " for
making dockets and indexes, issuing venire, taxing costs," etc.

Charges for filing precipes for bench warrants are proper; but no such
precipe is required after sentence, the sentence being in itself an order
for a mittimus.

When it is the practice in a district to require records to be made up in
criminal cases, the clerk is entitled to charge for incorporating in it the
transcript from the commissioner.

When, in a district there is a rule of court that the clerk, in issuing sub-
pœnas in criminal cases, shall make copies to be left with witnesses, he
is entitled to compensation for such copies.

THIS was an action brought to recover for services as clerk
of the Circuit and Districts Courts of the United States for
the Northern District of Iowa, the items of which were
annexed to the petition. Judgment having been rendered in

favor of petitioner for $516.16, 41 Fed. Rep. 571, an appeal was taken by the United States to this court.

Mr. *John C. Chaney* for appellant. Mr. *Assistant Attorney General Cotton* was with him on the brief.

Mr. *C. C. Lancaster* for appellee. Mr. *Thomas A. Hamilton* also filed a brief for appellee; and Mr. *A. J. Van Duzee* in person filed a brief for same.

MR. JUSTICE BROWN delivered the opinion of the court.

This account consists of ninety-nine separate items, which we proceed to consider in the order in which they appear in the demurrer filed in the court below, and in the opinion of the court.

1. The first series of items embraces the fees charged in forty-five criminal cases, for filing the papers certified up by the commissioners before whom the examinations were had. In the majority of the cases the number of papers filed by the clerk ranged from four to six, in a few they were eight in number, and in one sixteen. In the whole forty-five cases there were filed 267 papers. By Rev. Stat. § 828, the clerk is allowed ten cents "for filing and entering every declaration, plea or other paper." By section 1014 the commissioners of the Circuit Court are required to return copies of the process, as speedily as may be into the clerk's office of the court to which the defendant is bound over to appear, together with the recognizances of the witnesses for their appearance to testify in the case. In preparing the transcript of proceedings for transmission from a lower to a higher court it is usual and proper to attach the papers together, with a suitable endorsement indicating their character as a transcript, and to treat them as one paper, and if in such case the original be sent up, the same course should be pursued. If such papers are sent up separately, they are liable to be mixed with papers subsequently filed in the case and produce confusion. Such transcript or papers are properly sent up as soon as the case is finished before the commissioner, and before action is taken

by the grand jury. The accounting officers of the Treasury in this case seemed to assume either that the clerk should select certain papers and file those only, or should fasten them together and file the bundle as one paper. The clerk, however, is not responsible for the manner in which such papers are transmitted by the commissioner, nor is it his duty to select out the complaint, the recognizance or any other particular paper, and say that that only should be filed. Because the statute allows the fee "for filing and entering," it does not necessarily follow that before he is entitled to the fee he must enter every paper that he files upon his court docket; he may make the entry upon any proper book kept for the purpose. His duty is discharged by filing them as they are received, and the exception to his charge therefor is accordingly overruled.

2. The charges for filing the oaths, bonds and appointments of deputy marshals, jury commissioners, bailiffs, district attorneys and their assistants, are properly made against the government and should be allowed; and where, by order of the court or custom of the office, it is the practice to require such documents to be recorded or entered upon the journal, the clerk's fees for such services are also properly chargeable. But the expense of taking the oaths and executing the proper bonds is not so chargeable, since it is the duty of persons receiving appointments from the government to prepare and tender to the proper officer the oaths and bonds required by law; in other words, to qualify themselves for the office. What shall be done with such qualifying papers does not concern them; their own duty is discharged by the tender of such papers properly executed according to law.

3. The same principle applies to the charges for approving the accounts of these officers. By the act of February 22, 1875, 18 Stat. 333, c. 95, "before any bill of costs shall be taxed by any judge or other officer, or any account payable out of the money of the United States shall be allowed by any officer of the Treasury, in favor of clerks, marshals or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a United States

Circuit or District Court, and in presence of the district attorney or his sworn assistant, whose presence shall be noted on the record, prove in open court, to the satisfaction of the court, by his own oath or that of other persons having knowledge of the facts, to be attached to such account, that the services therein charged have been actually and necessarily performed as therein stated; and that the disbursements charged have been fully paid in lawful money; and the court shall thereupon cause to be entered of record an order approving or disapproving the account, as may be according to law, and just. United States commissioners shall forward their accounts, duly verified by oath, to the district attorneys of their respective districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the manner aforesaid." It follows from this section that the officer has performed his duty by "rendering" his account in proper form to the court, with the proper affidavit or oath in support of the actual and necessary performance of the services therein charged. He is not concerned with the method of verification adopted by the government for its own convenience and protection, and is no more liable for the expense of entering the orders of approval of such accounts, or for the certified copies of such orders, than he is for the expense of auditing such accounts at the Treasury Department. The statute imposes upon the court to a certain extent the duties of an auditing officer, but such duties are imposed not for the benefit of the claimant, who is entitled to his statutory compensation for the services rendered, but for the protection of the government, and the expenses attendant thereon are proper charges against the government.

4. For copies of indictments furnished to defendants in criminal cases. By the Sixth Amendment to the Constitution, "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence." By § 1033, where a person is indicted for a capital offence a copy

of the indictment and list of the jurors and witnesses shall be delivered to him at least two entire days before his trial. There would appear to be a negative pregnant here, and it has accordingly been held that in cases not capital the prisoner is not entitled to a copy of the indictment at government expense. *United States* v. *Bickford,* 4 Blatchford, 337; *United States* v. *Hare,* 2 Wheeler, C. C. 283, 288. Nor is he entitled to a list of witnesses and jurors. *United States* v. *Williams,* 4 Cranch, C. C. 372; *United States* v. *Wood,* 3 Wash. C. C. 440.

There is no other statutory provision for carrying out the constitutional obligation of the government to inform the prisoner of the nature and cause of the accusation, or for summoning witnesses, or procuring the assistance of counsel, except that by § 878 indigent defendants are entitled to have their witnesses subpœnaed at the expense of the government. There is, however, no general obligation on the part of the government either to furnish copies of indictments, summon witnesses or retain counsel for defendants or prisoners. The object of the constitutional provision was merely to secure those rights which by the ancient rules of the common law had been denied to them; but it was not contemplated that this should be done at the expense of the government. We have no doubt, however, of the power of the court to order a copy of the indictment to be furnished upon the request of the defendant, and at the expense of the government; and, when such order is made, the clerk is entitled to his fee for the copy. In many cases, however, the defendant does not desire a copy, or pleads guilty to the indictment upon its being read to him, and in such cases there is no propriety in forcing a copy upon him and charging the government with the expense. This appears to have been the ruling of the court below, and we see no valid objection to it.

5. For docketing, indexing and taxing costs in nine cases sent up from the commissioner's office, in which the defendant was bound over to appear to answer an indictment by the grand jury. The grand jury, however, ignored the bills, and, of course, no indictment was ever filed. The fee bill allows

"for making dockets and indexes, taxing costs and other services in a cause which is dismissed or discontinued, . . . one dollar." The real question is, whether papers so sent up and filed can be said to constitute of themselves a "cause" which should be docketed. While it is true that a criminal cause is begun in the commissioner's office by the filing of a complaint and the issuing of a warrant, it is equally true that there is no "cause" in the District or Circuit Court, within the meaning of the law, until an indictment or information is filed. Copies of the process before the commissioner are required by section 1014 to be returned as speedily as may be into the clerk's office of the court, together with the recognizances of the witnesses, etc. The filing of such transcript, however, is not the institution of a suit. The object of the provision seems to be to inform the district attorney of the fact that the defendant has been held to bail or committed to await the action of the grand jury — a proceeding which may be very necessary where the commissioner resides at a distance, and to enable him to prepare an indictment. For filing such papers we have held the clerk to be entitled to a fee, but it is not usual or proper to docket cases as such until the grand jury or district attorney has taken affirmative action in regard to them.

6: For seals affixed to copies of orders for payment by the marshal of sums due to jurors and witnesses. Section 855 requires the marshal, upon the order of the court to be entered upon its minutes, to pay to jurors and witnesses all fees to which they appear by such order to be entitled, which sum is to be allowed him at the Treasury in his accounts. If the officers of the Treasury Department require a copy of such order to be authenticated, not only by the signature of the clerk, but by the seal of the court, then, of course, the clerk is entitled to charge for affixing such seal. It is usual, however, as between officers of the same court, and between such officers and those of the Treasury Department, to accept the signatures of each other as genuine, and under such circumstances the clerk has no right to impose the unnecessary burden of a seal. *Jones* v. *United States,* 39 Fed. Rep. 410; *Singleton* v. *United*

*States*, 22 C. Cl. 118.  The question is not so much what the law requires as a sufficient authentication of the copy of an order, for formal proof of such order in a case upon trial, but what method of authentication the department requires.  The department has the right to waive the formal proof which would be required in a court of law.

7. Objection is also made to fees for entering orders for trial, and recording the verdict, in thirty-eight criminal cases, the claim being that such services are included in the fee allowed "for making dockets and indexes, issuing venire, taxing costs and all other services, on the trial or argument of a cause, where issue is joined and testimony given, three dollars."  The argument is made that the entry of an order for trial, and the recording of the verdict, are not services rendered upon the trial and argument of the cause, since the order for trial precedes the trial, and the verdict follows it. Referring to the clause in question, however, to determine what shall be deemed services on the trial of a case, we find that issuing venires and taxing costs are included among such services.  The former of these certainly precedes the actual trial, and the latter follows not only the verdict, but the judgment.  We think it follows from this that the docket fee was intended to include these services.  If it does not, it is not easy to say what it was intended to cover.  (See p. 199 *post*.)

8. Charges for filing precipes for bench warrants are proper. It is not always that the district attorney desires the arrest of the defendant immediately upon the indictment being returned to the court, and it is proper that the clerk should wait for instructions before issuing the bench warrant.  These instructions are given in the form of a precipe, and for filing such precipe the clerk is entitled to his fee.  It appearing upon the finding of the court below that the filing of precipes is in accordance with the settled practice of the court, there is no just reason why the clerk is not entitled to his fee therefor.

With regard to mittimuses after sentence, no such precipe is required, the sentence of the court being that the defendant "be committed" until the fine be paid, or the terms of the sentence otherwise complied with.  This is itself an order for

a mittimus, and the district attorney has no right to interfere with the execution of the sentence. From the moment the sentence is pronounced the case passes beyond the control or discretion of the district attorney. It is the mandate of the court, and is obligatory upon all its officers.

9. Charges for incorporating in the final record the transcript from the commissioner. There is no statute prescribing what record shall be kept by the clerk, or how it shall be kept in criminal proceedings. Properly speaking, as we have already held, the transcript from the commissioner's office is no part of the case in the Circuit or District Court; but the court, in this district, has adopted a rule that, "in all criminal cases, unless otherwise specially ordered, the final record entered therein shall include the order made by the commissioner binding the party to appear before the grand jury, if any such was made; the presentment therein; the bench warrant and return; the plea of defendant; the verdict of the jury; and the final order and sentence of the court thereon." This rule, of course, is obligatory upon the clerk, and for his services in connection therewith he is entitled to compensation. He is, therefore, entitled to recover for so much of the record as includes "the order of the commissioner binding the party to appear before the grand jury." It is not the practice in all districts to require a record to be made up in criminal cases, but, as it seems to be the practice in Iowa, we see no objection to the allowance of the item.

10. To the allowance for copies of subpœnas furnished to the marshal for services upon witnesses, objection is made upon the ground that by section 829, prescribing the fees of the marshal, he is allowed "for serving a writ of subpœna on a witness, fifty cents, and no further compensation shall be allowed for any copy, summons or notice for a witness." This, however, was intended to apply only to the marshal; and when, as in this district, there is a rule of the court that the clerk in issuing subpœnas in criminal cases shall make copies to be left with witnesses, he is clearly entitled to compensation for such copies. When the clerk performs a service in obedience to an order of the court, he is as much entitled to

compensation as if he were able to put his finger upon a particular clause of a statute authorizing compensation for such services.

These are the only questions considered in the opinion of the court below to which exception was taken, and in the absence of an assignment of errors we do not find it necessary to discuss all the items of the account.

*The judgment of the District Court must be reversed and vacated, and the case remanded with directions to enter a new judgment in conformity to this opinion.*