## UNITED STATES *v.* JONES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.

No. 312. Submitted January 6, 1893. — Decided March 6, 1893.

A clerk of a District Court is entitled to charge for entering orders approving marshals' accounts. *United States* v. *Van Duzee,* 140 U. S. 169, approved.

He is also entitled to charge for certifying copies of such orders to be forwarded to the department with the accounts, but not for the seals affixed to such copies unless such authentication is required by the Treasury Department.

He is also entitled to charge for copies of orders for marshals to pay supervisors of elections, without regard to the necessity for such orders, or the power of the court to make them.

He is also entitled to a fee for filing a marshal's account with vouchers attached, but not to a separate fee for filing each voucher.

He is also entitled to fees for recording, after the determination of a prosecution, all the proceedings relating to it, including the order of commitment.

*United States* v. *Harmon*, 147 U. S. 268, affirmed to the point of the power of the Treasury to determine whether the several allowances increase his salary beyond the maximum compensation.

THE case is stated in the opinion.

*Mr. Solicitor General* and *Mr. Felix Brannigan* for appellants.

*Mr. William W. Dudley, Mr. Louis T. Michener* and *Mr. Richard R. McMahon* for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action for fees alleged to be due the petitioner Jones for services rendered by him as clerk of the District Court for the Southern District of Alabama, the items of which were set out in a bill of particulars annexed to his petition. Judgment having been rendered in favor of the petitioner for $292.35, 39 Fed. Rep. 410, the United States appealed to this court.

The government assigns as error in this case the allowance of certain items —

1. For entering orders of the court approving marshals' accounts, making copies thereof, and attaching certificates under seal to such copies.

2. For copies of orders for marshals to pay supervisors of election.

3. For filing marshals' accounts current with vouchers thereto attached.

4. For making final records, recording bonds and commitments.

1. Charges for entering orders approving marshals' accounts were allowed in the case of *United States* v. *Van Duzee,* 140 U. S. 169, 171, and we have seen no reason to change the opinion there expressed. The labor of preparing one's own accounts for services or fees is a mere incident to the rendition of the service, and is universally assumed by the creditor as his own burden; but the approval of the account of another

stands upon a different footing, and if performed at the request of the government, or under a statute requiring it to be performed for the protection of the government, there is no reason why the clerk should not receive such fees therefor as he receives for analogous services in other matters.

We are referred to Revised Statutes, § 1765, as expressly inhibiting compensation for such services. This section provides that "no officer in any branch of the public service, or any other person whose salary, pay or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance or compensation in any form whatever, . . . for any other service or duty whatever, unless the same is authorized by law," etc. It is sufficient to observe of this that the service charged by the clerk in entering these orders is strictly in the line of his duty as clerk; that his per folio fees for such orders are expressly allowed by section 828, and are not "additional pay, extra allowance or compensation in any form whatever."

The clerk is also entitled to charge for certifying copies of such orders to be forwarded to the department, with the accounts, but not for seals affixed to such copies, unless, as was held in *Van Duzee's case*, page 174, the Treasury Department required the copy of such order to be authenticated, not only by the signature of the clerk, but under seal. The charge for seals does not seem to have been allowed.

2. The charge for copies of orders for marshals to pay supervisors of election is objected to on the ground that there is no law authorizing courts to issue orders to the marshal to pay supervisors of election or special deputies. The act of February 22, 1875, 18 Stat. 333, c. 95, does require, however, that "before . . . any account payable out of the money of the United States shall be allowed . . . in favor of clerks, marshals or district attorneys, the party claiming such account shall render the same . . . to a United States Circuit or District Court, . . . and the court shall thereupon cause to be entered of record an order approving or disapproving the account," etc. The account in question is clearly within this section. Supposing it, however, to be a question of doubt,

if the court assumed jurisdiction to make such order, and the clerk obeyed it by entering it upon the journal, he is entitled to his fee therefor, irrespective of the necessity for such order being made. In fact, he would be guilty of contempt in refusing to make such entry. The government cannot, in this collateral proceeding, attack the power of the court to make this order.

3. The charges for filing marshals' accounts current, with vouchers attached thereto, was objected to upon the ground that the filing of each voucher separately was not only unnecessary, but improper, since vouchers belong to and are part of the account to which they pertain. The act of 1875, above cited, requires the accounts and vouchers of marshals and other judicial officers to be made in duplicate, one copy of which must be forwarded by the clerk to the accounting officers of the Treasury, and the other is to be retained in his office. Of course, he is entitled to his fee for filing this account, but not for filing the vouchers, which are usually attached to the account, or, if not physically attached to it, are deemed to be a part of it, and as constituting, with the account, one paper. The clerk would be as much entitled to a separate fee for recording each coupon attached to a bond as for recording each voucher to an account as a separate paper.

4. The items for making final records, recording bonds and commitments. The court below held it to be the duty of the clerk to record, after the determination of any prosecution, all the proceedings of the court relating thereto. This record includes the indictment and other pleadings, the processes, journal entries, and we think it also includes the order of commitment, which, as held by the court below, is an important part of the proceedings in a criminal case, and should be made a matter of record, where, by the rules or practice of the court, a record of criminal cases is made up. As the court held the remainder of the charges included in these items, for the recording of bail bonds and justification of sureties, to be no part of the proceedings of the court, and their entry upon the record as unauthorized and unnecessary,

and as no appeal was taken by the petitioner, we are not called upon to express an opinion with regard to them.

5. The judgment is further claimed to be erroneous upon the ground that it does not appear that the amount of the judgment, together with the compensation already paid to petitioner as clerk of the court, would increase his emoluments beyond the limits prescribed by law for his office. This objection, however, does not apply to any particular item, but is a matter to be considered by the officers of the department when the whole account is stated and settled. If the maximum compensation has already been allowed and paid, perhaps it might be matter of defence to be pleaded and proven by the government, but we are clearly of the opinion that it cannot be raised in this manner, and so held in the case of *United States* v. *Harmon, ante,* 268, decided at the present term.

The judgment of the court below is, therefore,

*Reversed, and the case remanded, with directions to reduce the judgment in conformity with this opinion.*