## VAN DUZEE v. UNITED STATES.

(District Court, N. D. Iowa, E. D. January 13, 1894.)

1. CLERKS OF COURT—FEES.
   The clerk is entitled to fees for making duplicate certified copies of the orders of court for the payment of jurors and witnesses, and of orders directing the marshal to procure record books needed for the business of the court, but not for affixing the seal to the certificates thereto.

2. SAME.
    The clerk is entitled to fees for filing indictments when returned by the grand jury, and for making a record entry of the presentment and return thereof.

3. SAME.
    The clerk is entitled to folio fees for making separate record entries of the various steps and proceedings in a criminal case, with the necessary repetitions of caption, etc., and cannot be required to delay the entries until the termination of the case in order to make all the entries under one caption; but when sentence is announced, and in part suspended, at the same time, the entries should be under one caption, and a charge for repetition thereof should not be allowed.

4. SAME.
    The clerk is entitled to fees for making reports to the court of the per diem and mileage due to jurors and witnesses.

5. SAME.
    The clerk is entitled to fees for furnishing to the marshal two certified copies of the order of the court, directing the marshal to furnish meals to jurors in criminal cases, but not for affixing the seal thereto.

6. SAME.
    The clerk is entitled to fees for filing reports made by the district attorney in regard to marshal's, clerk's, attorney's, and commissioner's accounts, and for making entries on the record showing the presentation of the accounts in open court, and the action of the court thereon.

7. SAME.
    The clerk is entitled to fees for certificates showing that the duplicate of the marshal's account has been duly filed with the clerk.

8. SAME.
    The clerk is entitled to folio fees for making entries showing approval of bail bond, and continuance of trial from day to day, for entering orders of court allowing extra compensation to the district attorney in certain cases, and for making certified copies of these orders, to be attached to the original and duplicate accounts.

At Law.    Action by A. J. Van Duzee against the United States to recover for services rendered as clerk of court.    Judgment for plaintiff.

A. J. Van Duzee, pro se.

M. D. O'Connell, U. S. Dist. Atty., and De Witt C. Cram, Asst. Dist. Atty.

SHIRAS, District Judge.    The plaintiff in this action is the clerk of the United States district and circuit courts in and for the northern district of Iowa, and brings this suit to establish his right to the payment of the sum of $329.05, which he claims is due him for services rendered as clerk of said courts, for which accounts have been duly rendered to the accounting officers of the proper department at Washington, and payment refused.    Attached to the petition is an itemized statement of the services rendered.    The undisputed evidence in the case shows that the work represented by the several items in the account contained has been done, and the questions for decision are whether the work done is of the character properly chargeable against the United States, and, if so, whether the amount charged is correct.

1. The first item charged in the account is for making certified duplicate copies of the orders of the court for the payment by the marshal of the sums due jurors, grand and petit, and witnesses,

with a certificate and seal attached thereto. At each term of court, a roll is made out, containing the names of jurors, the days of attendance, the number of miles traveled, and the amounts due each juror, and an order is made thereon by the court directing the marshal to make payment, accordingly, to the jurors. A similar roll and order are made, relative to the witnesses who are entitled to payment for their attendance from the United States. The orders of court thus made are the authority for the payment by the marshal of the fees and mileage due jurors and witnesses. When the marshal subsequently makes out his account to be forwarded to the department at Washington, two certified copies of the order of the court are furnished him by the clerk, one of which is attached to the original account, and the other to the duplicate. Under the settled practice of the court, and in accordance with the requirements of section 855 of the Revised Statutes, the orders made, directing the payment of the jurors and witnesses by the marshal, are entered upon the records of the court, and the folio fees therefor are properly chargeable in favor of the clerk. The order of the court thus made is the voucher upon which the marshal relies for his authority to make the payments, and, of necessity, copies thereof, duly certified, must be furnished the marshal, one of which is made part of the original report sent to Washington, and the other is made part of the duplicate account, which is retained in the clerk's office under the provisions of section 1 of the act of February 22, 1875, (18 Stat. 333.) In the instructions issued by the attorney general to marshals, attorneys, and clerks, and found in the Register of the Department of Justice for 1886, p. 235, it is provided that "the vouchers must be marked 'Original' and 'Duplicate,' and the duplicate must be a duplicate in fact, not a copy." To meet this requirement of these instructions, which are binding alike upon the marshal and the clerk, it is necessary that the clerk should furnish duplicate copies of the orders made by the court, directing payment of the sums due jurors and witnesses, each copy being duly certified by him, and for such services he is entitled to charge the statutory fees. Included in these items is a charge for attaching the seal to the clerk's certificate. In the case of U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, it was ruled that, if the officers of the treasury department chose not to require the authentication of the certificate of the clerk by the seal of the court, they could dispense with the need thereof, and that the clerk could not recover the statutory fee for affixing the same. If a seal is not needed to the certificate of the original copy of the order of the court, it is clearly not needed to the duplicate order; and, under the ruling of the supreme court in the case just cited, the fees charged for affixing the seal to the certificate of these orders, whether original or duplicate, must be disallowed. U. S. v. Jones, 147 U. S. 672, 13 Sup. Ct. 437.

2. The next item in the account excepted to is one including charges made for making original and duplicate copies of the orders of the court directing the marshal to procure the record books needed for the business of the court, and used in the clerk's office. When books of this character are needed, application is made to the court

for an order directing the marshal to procure the book; and the orders thus made, and duly recorded, are the authority upon which the marshal relies in procuring the same for the use of the court. The same need exists for furnishing two certified copies of these orders, to be made part of the original and duplicate accounts of the marshal, as in the case of the orders made for the payment of jurors and witnesses, and the clerk is clearly entitled to the statutory fees therefor. A charge is also made for attaching the seal of the court to the certificates; but this comes within the ruling of the supreme court in the case just cited, to wit, U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, and for that reason cannot be allowed.

3. The next exception taken by defendant covers the charges made for filing indictments when returned by the grand jury, and for making a record entry of the presentment and return thereof. The practice of the court is that the grand jury report the indictments found by them to the court, and the clerk receives the same, and marks them "Filed," giving the date. In addition thereto, an entry is made in the records of the court, showing the fact of the return or presentment of the indictment into court by the grand jury, and the clerk charges the statutory fee for filing the indictment, and also the folio fee for making the entry upon the court records. Objection is made to the allowance of both these classes of charges, from which it would appear that the accounting officers deem it unnecessary that indictments should be filed by the clerk, or that any record should be made of the return thereof by the grand jury. A clerk who should fail to identify the indictments coming into his hands by marking them "Filed," and should likewise fail to place upon the record proper evidence of the action of the grand jury in returning the indictments to the court, would clearly be derelict in his duty; and for these services thus rendered in the performance of his duties he is entitled to the usual fee for filing each indictment, and the folio fee for making the record entry.

4. Exception is next taken to the charges included in item 3 of the account sued upon, upon several grounds. This item covers the charges made in a large number of criminal cases for entering upon the records the arraignment and plea of defendant, the record of the trial and verdict, the sentence, and in some cases suspension, in whole or in part, of the sentence. Part of the total sum claimed has been allowed and paid, and the suit is for the balance left unpaid. As I understand the position of the defendant, it is that the several entries made by the clerk in each case should be consolidated, thus saving the writing the title of the case more than once, and avoiding repetitions, which become necessary when the entries are made separately. The theory of the defendant seems to be that the clerk should not make any record entries until a case is closed up, and should then make one general entry, or final entry, covering all the steps taken in the case, from the return of the indictment to the pronouncing of the sentence, inclusive. To do this would revolutionize the entire method of keeping the records of the court. Each day's proceedings had in the court in all matters coming before it are entered as of that day, and the entry is signed

by the judge, and this method would have to be abandoned if the theory now advocated by the government should be adopted. The practice of the court is to have an entry made of each step taken in a case. Thus, when an indictment is presented or returned by the grand jury, it is received by the court, and an entry of such fact, under the proper title, is made upon the record; and, when asked by the district attorney, an order is entered for the issuance of a bench warrant, and the amount of bail required is fixed. When the defendant comes or is brought into court, he is arraigned, or waives formal arraignment, and ordinarily pleads to the indictment, or has time allowed for so doing. Of these proceedings, a proper entry is required to be made. When the case is ordered to trial, which may be on the same or some future day, the record shows this fact, with the calling and swearing the jury, and any other proceedings connected therewith, including the return of the verdict. If the trial lasts more than one day, the record shows the fact. Finally, if the defendant is convicted, the sentence is imposed. These several distinct steps, which are found in the progress of nearly every case, seldom, if ever, occur all on one and the same day. Of necessity, therefore, separate entries must be made of the proceedings had; and this has become the settled and uniform practice of the court, and is followed, even though two of the steps named happen to be taken on one day. The slight additional expense resulting from writing the title of the case twice or more times, instead of once, is not a sufficient reason for requiring the clerk to change the settled rule in making the entries upon the record.

I entirely agree with the views of the counsel for the government that all mere padding of the record entries for the purpose of enlarging the folio fees chargeable for the same should be prevented; but, on the other hand, when the clerk, in making such entries, does no more than to set forth, in an orderly manner, the several steps taken and proceedings had in each case, so that the record entries reflect truly the action of the court, he is entitled to the statutory fee for making such entries. It must be borne in mind that if the record, through too much condensation, omits to recite some material matters, the verdict rendered may be overthrown by an appellate court. A notable instance of this is to be found in the case of Lewis v. U. S., 146 U. S. 370, 13 Sup. Ct. 136. It is clearly of much more importance that the record entries should be full and complete, than that they should be reduced to the lowest limit in point of words written, at the risk of having the whole proceedings held for naught. An examination of the record entries included within the account sued upon fails to show that the same are excessive in recitals or repetitions, and in one particular, only, are they open to criticism in matter of form. When a sentence is pronounced, and the court, at the time, suspends the same in whole or in part, there does not seem to be any good reason or necessity for making a separate entry of the suspension. If, in fact, the order of suspension is not made at the time the sentence is pronounced, then a separate entry is proper; but when the suspension

is, in fact, part of the action of the court, in entering the sentence originally, then it properly forms part of that proceeding, and should be included in the same entry, thus obviating the need for rewriting the title of the case, and the use of introductory words in making the substance of the entry of suspension. A proper reduction must therefore be made in the folio fees to cover the extra words used by reason of these separate entries.

5. Exceptions are also taken to the folio fees charged for making final entries in the several criminal cases named in item 3 of the account; but the questions thereby presented have been settled adversely to the position of the defendant in the case of U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, and, following the holding of the supreme court in that case, the charges are allowed.

6. The sixth item in the account—the same being excepted to— is for making reports to the court of the per diem and mileage due to jurors and witnesses. These reports are needed to enable the court to make the proper orders directing payment to be made by the marshal. It cannot be expected that each juror and witness shall come before the judge, and prove his attendance. Such proof is made before the clerk, and the rule of court requires of the clerk that he shall, at each term, report the list of jurors and witnesses to the court. These reports are made by the clerk under the direction of the court, and, as the fee bill allows 15 cents per folio for making reports, (section 828, Rev. St.,) it is clear that the charges made are allowable.

7. Exceptions are also taken to the charge made for making two certified copies, under seal, of the order of the court directing the marshal to furnish meals to jurors in certain criminal cases. These copies are furnished the marshal as part of the vouchers to be attached to the original and duplicate copies of his account. The fees for making the certified copies are clearly proper, but for attaching the seal must be disallowed.

8. The next class of charges excepted to is the statutory fee for filing reports made by the United States district attorney in regard to the marshal's, clerk's, attorney's, and commissioner's accounts. The rule of this court provides that, when an account of either of the officers named is presented for approval, it must be submitted to the district attorney for his examination, and the rule requires him to make a written report thereon, to be submitted to the court. The rule of the court requires the report to be made and filed, and, as the clerk performs the work of filing, he is entitled to his pay therefor; and the same is true of the charges made for the entries upon the record showing the presentation of the accounts in open court, and the action of the court thereon.

9. Exception is also taken to the charges made for certificates showing that the duplicate of the marshal's account had been duly filed with the clerk. These certificates are forwarded with the original accounts to the accounting officers of the treasury. Without these certificates it could not be known to the accounting officers whether the marshal had met the requirements of the statute by filing with the clerk the duplicate of his account, and it would

seem, therefore, to be clearly the duty of the clerk to certify to the fact when forwarding the original account; and this is required of him by the instructions from the attorney general. See page 265, Register of Department of Justice for 1886. The charge therefor is allowed.

10. Exceptions are also taken to the folio fee charged for entries upon the record showing approval of bail bond, for entries showing the continuance of the trial of cases from day to day, for entering orders of the court allowing the district attorney extra compensation in certain cases, and making certified copies of these orders, to be attached to the original and duplicate accounts of the attorney. These entries were all made in order to preserve, upon the record proper, evidence of the action of the court in these several particulars, and they clearly come within the provision of the fee bill, and the proper statutory fee is therefore allowed for making the same, as well as for making the certificates to accompany the reports of the attorney. The fee charged for attaching the seal must be disallowed.

Of the total sum sued for, there is disallowed, for the reasons stated, the sum of $14.55, leaving a balance due of $314.50, for which judgment will be entered in favor of the plaintiff.