## VAN DUZEE v. UNITED STATES.

(District Court, N. D. Iowa, E. D. April 23, 1896.)

1. CLERKS OF COURTS—FEES—ORDER FOR BOOKS.

Where the clerk of a United States court, pursuant to the practice of such court, makes an application to the court for books necessary in his office, and the court makes an order directing the marshal to furnish such books, the clerk is entitled to the statutory fees for filing such application, entering the order upon the record, and making and certifying two copies thereof for the marshal, to be attached to his original and duplicate accounts, but not to a fee for attaching his seal to such certificates.

2. SAME—JURY NOTICES.

Where the rules of court require a notice of the drawing of juries to be posted up on the door of the clerk's office, the duty of posting such notice is properly to be performed by the clerk, but is not one for which he is entitled to compensation.

3. SAME—DOCKET FEE.

Under Rev. St. § 828, the proper docket fee in criminal cases, where a plea of not guilty is first entered, but is subsequently withdrawn, and a plea of guilty entered, on which the case is disposed of, is one dollar.

4. SAME—COPIES OF INDICTMENT.

The clerk is entitled to the statutory fee for filing demands made by defendants in criminal cases, for copies of the indictments against them, when by the standing rule of court the defendants are entitled to such copies, upon making demand therefor in writing, and the clerk is also entitled to the fees for making and certifying such copies.

5. SAME—FILING DOCUMENTARY EVIDENCE.

When the court makes an order requiring the government to place in the hands of the clerk the several documents upon which it expects to rely as evidence in a criminal case, for the purpose of giving the defendant an opportunity to inspect the same, the clerk is entitled to the statutory fee for filing such several documents.

6. SAME—ENTRY OF SENTENCES.

Where two or more parties are jointly indicted, tried, and convicted, the sentence imposed upon each should be separately entered, and the clerk is entitled to a separate fee for entering each sentence.

7. SAME—JURY LISTS.

No fee is allowed or chargeable by the clerk for recording the names of persons forming the jury list, or for entering the names upon the tickets placed in the box for drawing.

8. SAME—COPIES OF PAPERS FOR DISTRICT ATTORNEY.

The district attorney is entitled to obtain, at the expense of the government, copies of indictments and opinions of the court, needed in the prep-

aration of cases for trial, and the clerk is entitled to charge the fees for such copies in his accounts with the government.

9. SAME—APPLICATIONS FOR SUMMONS TO DEFENDANT'S WITNESS.

The clerk is entitled to fees for filing applications by defendants in criminal cases for orders directing witnesses to be summoned at the cost of the United States, and fees for entering the orders of court upon such applications.

10. SAME—PRACTICE.

All applications in criminal cases for summoning witnesses, copies of indictments, or other matters in which the action of the clerk is involved, should be made to appear, with the action thereon, on the records, or among the files of the court.

Action to recover for certain items of service rendered by the plaintiff as clerk for the United States courts in and for the Northern district of Iowa.

Alonzo J. Van Duzee, in pro. per.

Cato Sells, U. S. Dist. Atty., and D. W. C. Cram, Asst. U. S. Atty.

SHIRAS, District Judge. The plaintiff in this action is the clerk of the United States courts for this district, and sues to recover the sum of $327.71 as fees due him for services rendered by him as clerk, but which were not allowed him by the department at Washington. Several of the items included in the account attached to the petition are not now contested by the government, and likewise some of the items are not now claimed by plaintiff.

The first class of items in dispute is that wherein the clerk charges the statutory fee for filing applications made by him for orders directing the marshal to furnish books needed for the business of the courts, and the folio fee for entering upon the records the orders made upon such application by the court. Since these services were rendered, the department at Washington, by instructions issued to the marshal, has changed the mode of obtaining books for recording the proceedings of the court, but, as the proceedings for obtaining the books in question were had before these instructions were issued, the duty of the clerk must be determined by the practice formerly prevailing. When the services were rendered it was the practice of the court, when record or other books were needed by the clerk, to have the clerk file a brief application, setting forth the character of the book desired, and the need existing therefor. If the showing was sufficient, an order was granted, directing the marshal to furnish the book. This order the clerk entered upon the records of the court. Two certified copies of the order were furnished to the marshal, to be attached by him to his original and duplicate accounts, as evidence of his authority to procure the books. Under these circumstances I hold that the clerk is entitled to the statutory fee for filing the application, entering the order of the court upon the record, and for making and certifying two copies of the order for the use of the marshal; but under the ruling of the supreme court in U. S. v. Van Duzee, 140 U. S. 169–176, 11 Sup. Ct. 758, the clerk is not entitled to a fee for attaching the seal to such certification.

The next class of items in dispute is that which includes charges made by the clerk for preparing and posting up notices of the time

and place for drawing the juries for the several terms of court, and for filing such notice after the drawing has been had. Under the rule of this court, 10 days' notice of the drawing of juries is required to be given by posting up a written notice upon the front door of the clerk's office. This duty has always been performed by the clerk. It is now claimed by the government that it falls within the duty of the jury commissioner. In this view I cannot concur. All the necessary orders for drawing the juries are prepared by the clerk and signed by the judge, and I know of no rule that places the duty of giving notice of the time of drawing upon the commissioner. The difficulty, however, lies in the fact that there is no express provision in the fee bill for services of this character, and therefore it must be held, under the rule laid down in U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439, that these services are not such as to entitle the clerk to compensation, although properly performed by him as clerk of the court. These items are disallowed.

The next point at issue arises upon the question of the amount of the docket fee to be charged in criminal cases wherein a plea of not guilty is first entered by the defendant, but is subsequently withdrawn, and a plea of guilty is entered, upon which the case is finally disposed of. Section 828, Rev. St., provides that in cases wherein issue is joined, but no testimony is submitted, the fee shall be two dollars, but in cases which are dismissed or discontinued, or where judgment or decree is rendered, without an issue, the fee shall be one dollar. On part of the clerk it is claimed that the cases in question come within the two dollar clause, whereas on part of the government it is contended that they fall under the dollar clause. The section in question names three classes of cases in which a certain fee is allowed the clerk, the first being cases wherein issue is joined, and testimony is submitted; the second, wherein issue is joined, but no testimony is submitted; and the third, wherein the case is dismissed, discontinued, or judgment is rendered without an issue. It is apparent that these fees are not properly chargeable until the case is disposed of, and then the amount to be charged is dependent on the action had. If the case went to hearing upon an issue, and testimony was adduced thereon, then the fee to be charged is three dollars. If the case was disposed of upon some issue joined, which did not require testimony, as upon a demurrer, or upon an answer which admitted the facts, presenting only questions of law, then the fee to be charged is two dollars. If the case was dismissed, or if it was disposed of without an issue of law or fact being presented, as upon a default in a civil case, or upon a plea of guilty in a criminal case, then the fee to be charged is one dollar. The condition in which the case stands when finally disposed of is the criterion for the fee to be charged. The fact that originally a plea of not guilty was entered does not affect the question. Thus if, in a criminal case, a plea of guilty should be entered, but subsequently the court permitted the defendant to withdraw such plea and to enter a plea of not guilty, and upon the issue thus joined a trial should be had, and testimony should be introduced, I entertain no doubt the clerk could rightfully charge a fee of three dollars upon the ground that the

amount of the fee, lawfully chargeable, depends upon the mode in which the case was finally disposed of. I hold, therefore, that in criminal cases which are disposed of upon a plea of guilty, the fee to be charged is one dollar, even though it be true that originally a plea of not guilty was entered, but which was withdrawn before final action was had in the case.

The account sued on contains several items for filing demands by defendants in criminal cases for copies of the indictments pending against them, and for furnishing copies duly certified. The record rule of this court requires the clerk, whenever a demand therefor is made, to furnish a copy of an indictment to the defendant. Under the provisions of this rule the clerk is not required to furnish the copy unless demanded by the defendant. In order that the proper evidence of such demand may be preserved, the demand is required to be in writing, for otherwise the court, in passing upon the accounts of the clerk, would not have evidence that the demand had in fact been made, and therefore the practice is to have the demand made in writing, and by filing this in the case the proper evidence is preserved of the fact upon which the duty of the clerk to furnish a copy is made to depend. For filing such papers the clerk is entitled to the statutory fee. For the folio fee for making the copy and the fee for certifying under seal to the copy the clerk is entitled to the statuory amount, as was ruled in U. S. v. Van Duzee, 3 C. C. A. 361-366, 52 Fed. 930.

The next item in issue is that wherein the clerk charges the statutory filing fee for filing 696 papers and documents in connection with what are known as the Van Leuven and Kessel Cases. These were indictments for various alleged frauds in connection with the business of a pension agent or attorney carried on by Van Leuven. In all there were 43 separate cases filed. On behalf of the defendants application was made to the court for an order requiring the filing of the names of the witnesses before the grand jury, with a minute of the testimony as taken by the clerk of the grand jury, together with the written or documentary evidence which the government expected to introduce in the several cases. The court held that the government was not under obligation to furnish the names of the witnesses or the minutes of their testimony, but further ruled that it was due to the defendants that they should have opportunity to inspect and take copies of the particular documents, reports, affidavits, and the like which the government claimed were forged or falsified. In other words, the court in effect held that the defendants were entitled to a bill of particulars in the several cases, and that the defendants were entitled to an inspection of the original papers, for only by such an inspection could the defendants know whether the papers expected to be used against them were in fact prepared by or signed by the defendants; and therefore the court made an order that the government, in the several cases, should place in the hands of the clerk the several written papers, affidavits, and other documents which the government expected to rely upon in the prosecution of the case. In obedience to this order, the district attorney deposited with the clerk the papers in question, and

the clerk filed same in the usual manner. Ordinarily, when the government is directed to furnish a bill of particulars, the same is filed by the clerk, and I know of no reason why the same should not be filed as part of the proceedings in the given case. In the cases now under consideration the papers deposited with the clerk were so deposited separately, and not in such form that a single filing upon one cover might serve as a filing for the entire number. The clerk received the several papers in the form in which they were furnished him by the government, and marked them "Filed" in the usual manner. I hold that he is entitled to recover therefor.

The next question at issue arises upon the fact that two parties—Marlow. and Canty—were jointly indicted for burglarizing a post office. A joint trial was had. A verdict of guilty was returned, and the defendants were sentenced to imprisonment in the penitentiary for a period of two years each, and to pay a fine of $100. The clerk made a separate entry of the sentence against each defendant. The government claims that the entry of sentence should have been joint, and that only a fee for one entry should be allowed. Where two or more parties are jointly indicted and convicted, the better practice is to enter the sentence separately against each one. In fact the court considers the case of each defendant separately when determining the sentence to be imposed, and no defendant is bound by or interested in the sentences imposed upon his co-defendants. In cases of joint indictments and trials, the proper course is to include in one entry the proceedings so long as they are in fact joint, but, when the matter of sentences is reached, then in fact the defendants are dealt with separately, and the sentences imposed upon each one should be so entered. In fact, the sentences pronounced against two or more may be similar in terms, but they are not joint, and hence the proper practice is to make a separate entry of the sentence against each defendant. Thus in 1 Bish. Cr. Proc. § 1035, it is said: "The punishment, we have seen, is to be several; and the sentence is, in form, several, not joint." I hold that in cases of joint indictment and trials the sentences against two or more defendants should be separately entered, and, when thus entered, the clerk is entitled to the proper fee for each entry.

Another class of items in regard to which question is made are those wherein the clerk charges for services in recording upon the book kept for the purpose the names and addresses of persons forming the jury list, and for entering the names upon the tickets placed in the box from which the juries are drawn. These services are proper, but under the ruling of the supreme court in U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439, it must be held that they were performed as part of the general duties of the clerk, and, as the fee bill makes no provision for compensation for such services, none can be allowed.

Exception is also taken to the charge made by the clerk for furnishing copies of indictments in several cases for the use of the district attorney, upon præcipes filed therefor, by the district attorney. It is the duty of the clerk to furnish a copy of any record or paper filed in his office to any one entitled thereto, and the fee

bill fixes the compensation to be paid therefor. There can be no question that for the copies made in these cases the clerk is entitled to the statutory fee, but the mooted question is whether the government is liable therefor. The plaintiff in the cases was the United States government, and it was for its use and benefit that the copies were furnished. It is suggested that the district attorney, as an officer of the court, had access to the original indictments, and therefore did not need the copies. While the district attorney could have access to the indictments in the clerk's office, he would not be permitted to remove the same. The district attorney does not reside at the place where the court is held, and where the indictments are kept, and he doubtless needed the copies in order that he might properly prepare the cases for trial. Under these circumstances the clerk would not have been justified in refusing to furnish copies for the use of the attorney for the government, and, as they were furnished for the benefit of the government, upon the direction of the district attorney, I see no reason why the cost thereof should not be paid by the United States. These items are allowed, including the fee for filing the præcipe or written order for the copies.

In item No. 17, a charge is made for copies of opinion furnished the district attorney. These opinions were given in writing by the court in the several cases against Van Leuven and Kessel, who were indicted for frauds against the United States in connection with various pension cases. The indictments were attacked by motion and demurrer. In some cases the indictments were held bad in whole or as to some counts, and in other cases the demurrers were overruled. Many of the defects existing were cured by procuring new indictments at a subsequent term. When the district attorney applied to the clerk for copies of these opinions, it was clearly the duty of the clerk to furnish them, and, as they were furnished to the attorney of the government, in order to aid him in the performance of his duty to the government and in furtherance of the interests of the government, I see no reason why the United States should not be held liable for the usual copy fee. This item is allowed.

Item 48 is for filing applications made by defendants, under the provisions of section 878, Rev. St., for orders of court directing defendants' witnesses to be summoned at cost of the United States, and for entering the orders of the court upon the application. Under the settled practice of the court these fees are proper, because it is made the duty of the clerk to file the applications and enter the orders upon the records. It is perhaps proper for me to say in this connection that in my judgment all applications made in criminal cases for summoning witnesses under section 878, for copies of indictments under the rule of this court, or for any other matter wherein the action of the clerk is involved, the evidence of such demand should appear either upon the records or among the files of the court, and the action or order of the court should in all cases be entered upon the records. In this way record or written evidence is always preserved of all action taken. If this is not done, the rights of parties may be left dependent upon the uncertain recollection of parties, to say nothing of the difficulty of procuring the

evidence after the lapse of some time, and when the parties are not in attendance upon the court.

The remaining items not included within the foregoing holding are all covered by the rulings of this court heretofore made in the several cases of Van Duzee v. U. S., and reported in 41 Fed. 571, 48 Fed. 643, and 59 Fed. 440; and, following the rulings therein made, plaintiff is allowed the items in question; it thus appearing that plaintiff is entitled in the aggregate to the sum of $247.11, for which amount judgment will be entered.