UNITED STATES v. DUNDY.

(Circuit Court of Appeals, Eighth Circuit. October 5, 1896.)

No. 743.

1. CLERKS OF COURT—SWEARING JURIES—FEES.
 A clerk of a United States district court is not entitled to fees for swearing juries.

2. SAME—COPY OF INDICTMENT.
 Except in capital cases, the clerk is not entitled to fees for making copies of indictments, or for affixing his seal thereto, unless, by order of court, he is required to furnish such copies.

3. SAME—DUPLICATE COPIES OF ORDERS.
 The clerk is entitled to fees for making duplicate copies of orders of the court for payment of witnesses, but not for affixing his seal to certificates thereof.

4. SAME—SERVICES RENDERED DEFENDANT.
 The United States is not liable to the clerk for services performed for defendant in a criminal case.

**5. SAME—COPIES OF SENTENCE.**
    It is proper practice for the clerk to make and deliver to the marshal two copies of every sentence in a criminal case, and he is entitled to charge for both copies.

**6. SAME—SERVICE OF SUBPŒNA.**
    Where there is a rule of court requiring the clerk, in issuing subpœnas in criminal cases, to make copies thereof under his certificate and seal, to be left with the witnesses by the marshal, he is entitled to compensation for such copies.

In Error to the Circuit Court of the United States for the District of Nebraska.

A. J. Sawyer, U. S. Atty.

Charles H. Marple, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Elmer S. Dundy, Jr., the defendant in error, against the United States to recover certain fees for services performed by him as clerk of the United States district court for the district of Nebraska, which had been disallowed by the proper accounting officers of the treasury department. The assignments of error will be considered in their numerical order.

1. The court below allowed the plaintiff numerous charges, amounting in the aggregate to $28.60 for "swearing juries." This was an error. There is no law authorizing the clerk to charge a fee for swearing juries.

2. The court allowed the plaintiff sums aggregating $47.25 for seals and certificates affixed to copies of indictments furnished to defendants. These indictments were not in capital cases, and the finding of facts by the lower court does not show that the copies were furnished by order of the court upon application of the defendants. The clerk cannot, on his own motion, furnish defendants with copies of indictments against them, and charge the government with the expense. In the case of U. S. v. Van Duzee, 140 U. S. 169, 173, 11 Sup. Ct. 758, 760, the supreme court said:

"We have no doubt, however, of the power of the court to order a copy of the indictment to be furnished upon the request of the defendant, and at the expense of the government; and, when such order is made, the clerk is entitled to his fee for the copy. In many cases, however, the defendant does not desire a copy, or pleads guilty to the indictment upon its being read to him, and in such cases there is no propriety in forcing a copy upon him, and charging the government with the expense."

This charge was disallowed by the accounting department upon the distinct ground that there was no order of the court requiring the clerk to furnish the copies of the indictments. The plaintiff makes the account of these items returned by the department with the reason for their disallowance indorsed thereon an exhibit to his complaint, and the basis for his action, but does not aver in his complaint, and the lower court did not find, that there was any order of the court requiring him to furnish the copies. Upon the record before us, the clerk was not entitled to fees for making copies of the indictments, or for affixing his certificate and seal thereto.

3, 4, and 5. These assignments of error are confessed by the defendant in error, and need not be further noticed.

6 and 7.    These assignments of error are not carried into the brief as required by our rule, and we presume, therefore, are not relied upon by the plaintiff in error.    They are of no importance.

8, 10, and 11. The clerk is entitled to fees for making duplicate copies of the orders of the court for the payment of witnesses and jurors, but he is not entitled to charge a fee for affixing the seal of his office to the certificate of these orders.    Van Duzee v. U. S., 59 Fed. 440; U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758; U. S. v. Jones, 147 U. S. 672, 13 Sup. Ct. 437.

9, 13, and 14. The United States is not liable to the clerk for the fees for services performed for a defendant in a criminal case.    It was error, therefore, to allow the clerk the fee charged (1) for swearing the defendant in a criminal case to an affidavit for a new trial, (2) for filing a petition of the defendant in a criminal case protesting against the place of imprisonment, (3) for filing motion for a new trial on behalf of the defendant, and (4) for filing an affidavit for witnesses on behalf of the defendant.

12. The proper practice is for the clerk to make and deliver to the marshal two copies of every sentence in a criminal case.    One of these copies the marshal delivers with the prisoner to the keeper of the proper prison, and the other he returns to the clerk with an account indorsed thereon in writing showing the time and mode of its execution.    The clerk is entitled to charge for making both copies.

Where, as in this case, there is a rule or order of the court requiring the clerk in issuing subpoenas in criminal cases to make copies thereof under his certificate and seal to be left with the witnesses by the marshal, he is entitled to compensation for such copies.

Under our ruling we find the aggregate amount of fees erroneously allowed the clerk by the lower court to be $163.35.    Deducting this sum from $2,178.76, the amount of the judgment below, $2,015.41 remains.    The judgment of the circuit court is reversed, and the cause remanded, without the allowance of costs to either party in this court, with directions to render judgment for the plaintiff in the action for the sum of $2,015.41.