## WILSON v. UNITED STATES.

### No. 9061.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1939.

Rehearing Denied June 17, 1939.

Clint W. Hager, of Atlanta, Ga., for appellants.

T. Hoyt Davis, U. S. Atty., and T. Reese Watkins and John P. Cowart, Asst. U. S. Attys., all of Macon, Ga.

Before FOSTER and McCORD, Circuit Judges, and BORAH, District Judge.

McCORD, Circuit Judge.

T. D. Wilson, J. D. Hamil, D. H. Burks, James Mathews, and Inman Redding were jointly indicted and charged with a conspiracy to violate the Internal Revenue Laws. Upon being tried the jury found these defendants guilty. The court passed sentence on each of them and they have appealed.

The case against the defendants was set down and called for trial on December 12, 1938. Before any plea was entered, and prior to the selection of a jury, the defendants challenged the array of petit jurors. The ground of challenge was that the jurors had not been publicly drawn in compliance with the provisions of 28 U.S.C.A. § 412. The court heard evidence as to the place and manner of drawing the jurors and then overruled the motion.

Counsel for appellants then moved for a continuance seeking time in which to check the qualifications of the jurors. The motion made complaint that several days before the trial, and on two different occasions, demands had been made by defendants for a list of the jurors and that such demands had been refused. The court passed the case over until the next day to permit counsel to check the qualifications of the jurors. When the case was called the following day the motion for a continuance was renewed and additional time was

sought in which to investigate the jury. This motion was denied.

Counsel then moved to quash the indictment on the ground that a prejudicial questionnaire had been sent to prospective jurors and that the grand jurors who returned the indictment had received the questionnaire. Counsel again challenged the array of petit jurors and charged that they too had received a questionnaire before their names were placed in the jury box. These motions were overruled.

■ The evidence is without dispute that the jury in question was drawn in the office of the District Judge. This office was not maintained or kept as a private office. The room was adjacent to the court room and was used from time to time for the hearing of cases. The place of drawing was not more than thirty feet from the judge's bench in the court room and at no time was anyone excluded from the room when juries were drawn or when this jury was drawn. No effort was made to keep the drawing secret from the public. The evidence shows a substantial compliance with the statute. The rights of these defendants were in no way prejudiced by the drawing of this jury. United States v. Ambrose, C.C., 3 F. 283; Hammerschmidt v. United States, 6 Cir., 287 F. 817; Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; Brookman v. United States, 8 Cir., 8 F.2d 803; United States v. Greene, D.C., 113 F. 683; Stockslager v. United States, 9 Cir., 116 F. 590; United States v. McClure, D.C., 4 F.Supp. 668.

■ It appears that there is a standing order that forbids the clerk to give out a list of jurors to anyone except the marshal until the first day of the trial term. The order is one of long standing and while it does not appear in the record we conclude that it has been the order before the tenure of the present judge. The statute, 18 U.S. C.A. § 562, requires that a list of jurors be furnished in advance of trial to defendants indicted for capital offenses. The provisions of this section are mandatory and in capital cases the list must be delivered within the time fixed by the statute. The indictment here did not charge a capital offense and the defendants were not, as a matter of right, entitled to receive the list of jurors prior to the day of trial. The time at which defendants may be given a jury list is left to the sound discretion of the trial court. United States v. Van Duzee, 140 U.S. 169, 11 S.Ct. 758, 35 L.Ed. 399; Hendrikson v. United States, 4 Cir., 249 F. 34; Shelp v. United States, 9 Cir., 81 F. 694.

■ Counsel who could have received a jury list at nine o'clock in the morning, received it at noon and was given until nine o'clock the following morning to check it. The record discloses that when the jury was selected the defendants made no effort to question the jurors to determine their competency, fairness, or impartiality. Furthermore, they made no effort to have questions propounded that would elicit information from the jurors which would possibly permit them to more intelligently exercise their right of peremptory challenge. It is clear that no abuse of discretion was indulged by the trial court. Cf. Bailey v. United States, 5 Cir., 53 F.2d 982.

■ There is no merit in the complaint that a prejudicial questionnaire was sent to the jurors by the jury commissioner. This questionnaire was addressed to prospective jurors not yet qualified and not yet selected for service. It sought the age, occupation, full name and address, and further inquired if there was any reason why the prospective juror would ask to be excused if drawn. The questions were entirely proper and it was the duty of the jury commissioner to make inquiry before the names of jurors were placed in the box. Moreover, this information when gleaned by the questionnaire was just as beneficial to the defendants as it was to the government. The facts in the case of Gideon v. United States, 8 Cir., 52 F.2d 427, do not make it citation of weight for the defendants in this case.

No error is assigned and no complaint made except such as we have pointed out with reference to the jury. We are of opinion the appellants received a fair and impartial trial.

The judgment is affirmed.