John J. Walsh, J,
The record on appeal shows that the defendant was convicted after a trial by jury on October 7,1959 upon a valid information dated August 1,1959. It further shows that no errors were committed and that the Trial Judge correctly and adequately charged the jury on the law to be applied.
Only one question has been raised which requires attention. Defendant maintains that his counsel made repeated requests to the Justice prior to the trial for copies of the informations laid against him but that counsel was denied a copy of the reckless driving charge by the Justice and by the District Attorney’s office and that the first time counsel saw the charge placed against defendant was shortly before the trial.
The return of the Justice denies that any request for a copy of the information was made to the court. It is unnecessary to resolve this issue because no fundamental constitutional right of the defendant was denied to him.
The return of the Justice shows that the information charging reckless driving was sworn to before the Justice on August 1, 1959 and filed with him.
Shortly before, on the same day, Trooper Singleton apprehended the defendant on Route 365 and gave him a “ ticket ” for speeding, returnable on August 7, 1959.
When the defendant appeared on August 7, 1959, he was informed by the Justice of the reckless driving charge and was informed of his right to counsel and to a right to an adjournment for the purpose of having the case transferred to the Grand Jury. The defendant informed the court that he did not desire counsel at that time; did not wish an adjournment; pleaded not guilty and demanded a jury trial. He was thereupon admitted to bail and the proceeding was adjourned to October 7, 1959 at 7:30 p.m.
When the trial opened, counsel for the defendant moved to dismiss the information in that it failed to state facts sufficient to charge a crime under section 58 of the Vehicle and Traffic Law. The motion was denied and an exception was duly taken.
One of the purposes of an indictment or information is to inform the accused person of the charge that will be brought against him at the trial, so that, being aware of the accusation, he may prepare his defense accordingly.
It is clear that the defendant knew of the reckless driving charge when he was arraigned on August 7, 1959, two months prior to his trial.
His own testimony on the trial indicates that he was arraigned on the speeding charge, pleaded not guilty and posted $20 bail. *241 He continued: ‘ ‘ Then a second later he pulled out another sheet and the other information read reckless driving and the stop sign. I paid another fifty dollars bail on that.
1 ‘ Q. And this was the first indication that you knew of any criminal charge for reckless driving? The time you appeared in Justice Court here? A. Yes.”
Although some states have statutory provisions that copies of indictments or informations must be furnished to a defendant prior to trial, there appears to be no such requirement in the State of New York.
Indictments and informations (unless sealed) are public records and may be examined by the public, including a defendant. There was nothing to prevent the defendant or his counsel from examining the document and making a copy thereof. He was out on bail in the interval.
The sole question presented here is whether the Justice was required at his own expense, or at the expense of the Government, to make a copy of the information and furnish it to the defendant or his counsel.
In the absence of a statutory provision, there is no obligation on the People to furnish copies of indictments or informations to defendants or counsel. “ The object of the constitutional provision was merely to secure those rights which by the ancient rules of the common law had been denied to them; but it was not contemplated that this should be done at the expense of the government.” (United States v. Van Duzee, 140 U. S. 169, 173; see, also, People v. Warner, 1 Wheel. Cr. Cas. 140 [1823].)
The only requirement which rests upon a Court of Special Sessions relative to the information or indictment is that “ the charge against the defendant must be distinctly read to him” on the arraignment. (Code Grim. Pro., § 699.)
Even in the case of an indictment, although the District Attorney customarily furnishes a copy to counsel, it is apparently a courtesy because the requirement is in the alternative. “ If the defendant demand it, the indictment must be read, or a copy thereof furnished to him before requiring him to plead. ” (Code Crim. Pro., § 309.)
Since no fundamental constitutional or statutory right of the defendant was violated, the judgment of conviction is in all respects affirmed.