## FULLER v. UNITED STATES.

### (District Court, N. D. Georgia. October 17, 1893.)

1. CLERKS OF COURT—FEES—REPORTS AND ORDERS FOR WITNESS FEES.
   The clerk is entitled to fees for making separate reports to the court of the amount of witness fees due from the United States and obtaining separate orders for payment thereof, such services being rendered pursuant to an order of court, and prior to the decision of the supreme court (U. S. v. King, 13 Sup. Ct. Rep. 439, 147 U. S. 676) condemning the practice in a case where no order of court existed.

2. SAME—TRIAL RECORD IN CRIMINAL CASES.
   The clerk is entitled to fees for copying into the final record in criminal cases all papers which he is required to so record by an order of court.

3. SAME—ENTERING JURORS' NAMES.
   For entering names of jurors with post-office addresses on slips for the jury box, and recording the same in a book kept in his office, the clerk is entitled to charge 15 cents per folio, under Rev. St. § 828, par. 8.

4. SAME—OATHS IN SCIRE FACIAS CASES.
   The clerk is not entitled to any fee for administering oaths to answers of defendants in scire facias cases.

5. SAME—COMMITMENTS.
   The clerk is entitled to fees for issuing, entering, and filing returns of four separate commitments, when four separate bench warrants are issued for the four defendants, and each defendant is committed to jail by a different deputy marshal on the same day.

Suit for clerk's fees. Judgment for plaintiff.

O. C. Fuller, in pro. per.

J. S. James, U. S. Dist. Atty., for the United States.

NEWMAN, District Judge. Olin C. Fuller, clerk of the circuit court for the northern district of Georgia, brings this suit against the government for certain disallowances made by the treasury department in his accounts as clerk. After plaintiff has dismissed certain parts of the bill of particulars set out in his original suit, the case now proceeds on the following items:

Item 1. (As amended.) Fees in connection with orders, etc., for the payment of witnesses.

Treasury Statement No. 124,850.......................$60.45

Item 2. Fees for recording in complete final record of criminal cases orders otherwise recorded on the minutes of the court.

Treasury Statement No. 122,895.......................$13.65

Item 3. Fees for drawing list of 700 names of jurors, with post-office addresses, in revising jury box.

Treasury Statement No. 124,850....................... $4.80

Item 4. Fees for entering 700 names of jurors, with post-office addresses, in jury box.

Treasury Department Statement No. 124,850.............$4.80

Item 5. For administering oaths to answers of defendants in scire facias cases.

Treasury Statement No. 124,850......................$ .30

Item 6. For issuing and entering return and filing commitments.

Treasury Statement No. 126,161......................$3.75

The plea filed by the United States attorney for the government is: First, a general denial; second, the plea of payments; third, "that the defendant is not and cannot be held liable for the payment of said accounts, and the several items thereof, pending questions of law involved before the supreme court of the United States, and which questions of law have not yet been determined."

The stipulation as to the facts agreed upon between the United States attorney and the claimant is as follows:

"(1) It is agreed that the orders for payment of witnesses, for which claim for payment is made, were drawn, entered upon the minutes of the court, filed, and one copy of each order certified to the marshal; also that each witness was sworn as to the mileage and per diem. It is agreed that the above services were performed in obedience to an order of the court passed May 27th, 1890, and section 855, Rev. St.

"(2) It is agreed that final records were written in all criminal cases, for which claim for payment is made, as directed in the order of court directing the recording of criminal cases, and prescribing what papers and pleadings shall be recorded, passed by the court on March 19th, 1888.

"(3) It is agreed that the claimant drew lists of the names of 700 persons, with their post-office addresses, for jurors, and the same were deposited in the jury box, as prescribed by section 800, par. C, and that said names were also entered upon jury book by claimant, as required by rule No. 56 of this court.

"(4) It is agreed that claimant administered the oaths to the 3 answers of defendants in scire facias proceedings, for which claim is made.

"(5) It is agreed that the claimant issued the 3 writs of commitment in the case of the United States vs. Geo. Sanges et al., on Dec. 19th, 1890.

"S. A. Darnell, U. S. Atty.
"O. C. Fuller, in propria persona.

"In regard to the 5th stipulation referred to above it is further agreed by the district attorney, upon an examination of the papers. that there were four separate bench warrants issued for the four defendants, and each defendant was committed to jail by different deputy marshals, on the same day.

"Oct. 13th, 1893.                    . Geo. L. Bell, Asst. Dist. Atty."

It will be seen that the stipulation concedes that the service was rendered by the clerk, so that, the facts being conceded, the only question is as to the legal liability of the government to its officers for the service performed.

Item 1. This item is for fees claimed to have been earned by the clerk in drawing and entering upon the minutes of the court certain orders in reference to the payment of witnesses, and the filing and certifying the same to the marshal. It will be seen that the district attorney concedes that this service was rendered in pursuance of an order in reference thereto, passed by the circuit judge on May 27, 1890, as follows:

"The clerk and the marshal of this court desiring a rule as to orders for the payment of witnesses, and it appearing to the court that the practice of this court of many years standing of requiring the clerk to make a report to the court in each case of the amount due the witnesses, each by name, for travel and attendance, which, after being approved and signed by the court, is entered on the minutes of the court, and a copy of each order certified to the marshal, enabling him to pay at once, is a better and more appropriate practice than to permit the certificate on which the marshal is to make payment to be withheld to the end of the term, and then made, including all cases, it is ordered that said practice, heretofore prevailing, be pursued until further order of the court.

"In open court, this 27th day of May, 1890.

"Don A. Pardee, Circuit Judge."

Prior to the passage of this order there was no rule on the subject, but the practice had been as indicated in the order. It is clear that it is the duty of the clerk to comply with this order passed by the circuit judge. In the case of U. S. v. Van Duzee, 140 U. S. 173, 11 Sup. Ct. Rep. 758, the court says:

"When the clerk performs a service in obedience to an order of the court he is as much entitled to compensation as if he were able to put his finger upon a particular clause of a statute authorizing compensation for such services."

In the case of U. S. v. King, 147 U. S. 676, 13 Sup. Ct. Rep. 439, the supreme court condemned the practice such as that for which this claim is made, but in that case it appeared simply to have been the practice of the court, and there was no order of the court, so far as the report of the case shows, especially directing the method in which the accounts of witnesses and jurors should be prepared and certified. In view of the decision in the Van Duzee Case, supra, it is not believed that the supreme court would have disallowed the items alluded to in the King Case, even if they had condemned the practice as improper. If the circuit judge had, by an order, directed the clerk to do the work in this particular manner, I do not see how the clerk could, under the circumstances, disregard the order. Immediately after the publication of the King Case, supra, this court, by an order, discontinued the old practice, and adopted a practice in harmony with that decision. I am of the opinion that the clerk is entitled to recover this item of $60.45.

Item 2. This charge of $13.65 is for recording in complete final record in criminal cases orders otherwise recorded on the minutes of the court. The following order as to what papers, pleadings, entries, etc., shall be included in the complete final record of criminal cases was passed by the court on March 21, 1887, and concurred in by the circuit court judge on March 19, 1888, and is now in force:

"In the Circuit and District Courts of the United States for the Northern District of Georgia.

"In re Complete Records in Criminal Cases.

"The clerk desiring a rule as to what papers, pleadings, entries, etc., shall be included in the complete records in criminal cases, it is ordered that hereafter, in cases prosecuted by indictments by the grand jury, the record shall consist of the bill of indictment; the order for capias, if any; the capias and return; the bond; the order for forfeiture, if any; and the order setting forfeiture aside, if any; the plea, verdict, sentence, the commitment and return, or order of discharge on verdict of not guilty, or, if nol prossed, the order of

nolle prosequi; the motion for a new trial, if any, and order thereon; in case of felony, the testimony taken down by the direction of the court, where there is a conviction. In cases where the prosecutions are by criminal information, the same as above, (the information instead of the indictment;) also the affidavit and warrant, return of marshal, and action of commissioner thereon, which are essential to the record.

"In open court, March 21st, 1887.        W. T. Newman, U. S. Judge.

"For the circuit court, I concur in this order as to final record.

"March 19th, 1888.        Don A. Pardee, Circuit Judge."

As the manner in which this work seems to have been done was expressly directed by the court, the clerk should recover for it, for the same reasons given as to item 1. In addition thereto, the charge itself, independently of any order, by the decision in the case of U. S. v. Taylor, 147 U. S. 700, 13 Sup. Ct. Rep. 479, is proper, so that the clerk is entitled to recover that item.

Items 3 and 4 are embraced in the same stipulation, viz. stipulation 3. Item 3 is for "fees for drawing list of 700 names of jurors, with post-office addresses, in revising jury box." The act of congress in reference to drawing jurors, amendatory of the former acts on that subject, approved June 30, 1879, and contained in Supp. Rev. St. p. 270, provides that the clerk of the court and the jury commissioner shall place in the box the names of the jurors, to be drawn by the court, from time to time, for service in the court. The rule of court (No. 56) on this subject provides that the full names of the persons selected by the clerk and jury commissioner, from whom the jurors are to be chosen, together with the names of the counties in which they reside, respectively, shall be written, each on a separate slip of paper, etc. It will be seen that the act of congress and rule together mean that the clerk and jury commissioner shall obtain the names of suitable persons to serve as jurors, from time to time, as may be necessary to replenish the box, and that the names of the jurors, with their places of residence, shall be written upon separate slips of paper, and placed in the jury box, from which they are to be subsequently drawn, as needed by the court. The jury commissioner is allowed per diem compensation for his services, and it cannot be that the clerk is required to perform this service without compensation of any kind. In the case of U. S. v. King, supra, the supreme court, in discussing services of this kind by the clerk, says:

"We think that the construction given to this section is conclusive against the claim of the clerk for per diem services in the drawing of juries, or for such services as are not taxable as orders, certificates, or the like, under section 828, fixing the compensation of clerks."

The clerk has made his charge for this service under paragraph 8, § 828, Rev. St. That paragraph is as follows:

"For entering any return, rule, order, continuance, judgment, decree or recognizance, or drawing any bond or making any record, certificate, return or report, for each folio 15 cents."

The charge is 15 cents per folio as for making any other record, and it seems to be the only proper way in which the clerk can be compensated for his service.

Item 4 is for services rendered in same connection as item 3. The charge is for recording the names of 700 jurors in a book, which is kept in the clerk's office for this purpose. The rule of court on this subject, after requiring that the names shall be placed in the jury box, requires that they shall be "entered in a book to be kept by the clerk." The suggestion of the district attorney that the language "to be kept by the clerk" might mean that the book itself is simply to be kept in the clerk's office, and the jury commissioner required to do the writing therein, is not sustained by the ordinary and common use of this expression. When we say that the clerk shall "keep" a record, or that a record shall be "kept" by the clerk, we do not refer to the mere possession and control of the book in which matters are recorded, but rather to the work itself in writing up the record. The only fair meaning of this rule is that the clerk, by himself or his deputies, shall enter the names in the jury book; and, that being true, he is entitled to charge therefor, the same as he would for writing in any other record, under the section named.

Item 5. This is a charge for administering oaths to answers of defendants in scire facias cases. I do not think that this is a proper charge against the government, nor do I think it can be allowed.

Item 6. This is a charge for issuing and entering and filing return of three separate commitments. One commitment and return is allowed by the accounting officers, and three disallowed as unnecessary. Section 1027, Rev. St., is as follows:

"When two or more charges are made, or two or more indictments are found against any person, only one writ or warrant shall be necessary to commit for trial," etc.

Section 1028, Id.:

"Whenever a prisoner is committed to a sheriff or jailor by virtue of a writ, warrant or mittimus, a copy thereof shall be delivered to such sheriff or jailer as his authority to hold the prisoner, and the original writ, warrant or mittimus shall be returned to the proper court or officer, with the officer's return thereon."

My attention has not been called to any statute or rule requiring the clerk or committing magistrate to include more than one person in a commitment. The two sections above cited are the only ones, that I am aware of, bearing upon this question. In this particular case the necessity for a separate writ for each prisoner was shown by an additional stipulation, filed at the time of the hearing of this case. It was agreed by the district attorney, upon examination of the papers, that there were four separate bench warrants issued for the four defendants, and each defendant was committed to jail by different deputy marshals on the same day. It would seem, therefore, that the four separate commitments were not only proper in this case, but were really necessary. The statutes require officers serving commitments to make a return on the same, and, as different officers had the different prisoners in charge, there would seem to be no way for them to comply reasonably with this requirement of the law other than for each officer to have a separate commitment

for the prisoner in his charge. I see no reason whatever why this item is not proper, and it is allowed.

The foregoing items, which have been allowed, aggregate $87.45; and judgment will be rendered against the United States in favor of the plaintiff for this amount.