MARSH v. UNITED STATES.

(District Court, N. D. Florida.    May 16, 1898.)

1. CLERKS' FEES—METHOD OF COMPUTING FOLIOS.
Where the journal entries in criminal cases are made up in pursuance of an order of court requiring the proceedings to be entered, not in the form of a mere recital, but each order, motion, and proceeding in a paragraph separate from others under the same caption, the clerk is entitled to charge 15 cents for each of said separate orders, motions, etc., although they may relate to the same case, and be entered under the same caption.

2. SAME.
The clerk is entitled to a fee of 10 cents for each person sworn under direction of the court in order to determine his qualification as a juror.

3. SAME.
The clerk is entitled to a fee of 15 cents per folio for the entry of orders for the removal of United States prisoners from a jail in which they had been committed, under mittimus of a commissioner, to await trial, to the jail of the place where court is to be held for their trial, and for such a number of certified copies as the court may direct the clerk to deliver to the marshal, and for filing and entering the return of said order by the marshal, and for entering in the journals of the court orders remanding, and for the production of prisoners for sentence.

4. SAME—PRÆCIPE TO JURY COMMISSIONER.
The clerk is entitled to a fee of $1 for issuing a præcipe to a jury commissioner, which is in the nature of a summons, and the only method, under existing rules of court, to procure his attendance for the drawing of the jury.

5. SAME—MEMORANDUM RECORD OF ENTRY AND FILING OF PAPERS.
The clerk, when required by rules of court to keep such a record, is entitled to a fee of 15 cents for the record memorandum in his record book known as the "Clerk's Combined Docket," in addition to the filing fee of 10 cents for each paper, and the regular docket fee.

6. SAME—SEALS.
The clerk is entitled to a fee of 10 cents for swearing, 15 cents for the jurat, and, where there has been no express waiver, 20 cents for the seal of the court attached to affidavits taken before him.

7. SAME—CERTIFIED COPIES AND SEALS.
The requisition for a duly-certified copy of any particular record in possession of the clerk ordinarily requires the formality of a seal to the certificate; and, unless there has been an express waiver thereof, the clerk should attach the same, and is entitled to his fee therefor.

8. SAME.
The clerk is not entitled to charge for seals to copies of orders on the marshal to procure meals for the jury, as such seals have been waived by the department.

9. SAME.
The clerk is entitled to a fee of 15 cents for preparing orders of court, when directed by the court so to do.

10. SAME.
The clerk is entitled to a fee for making certificates to attach to the marshal's account, relative to the method of the issuance of bench warrants, as these were required by the department in proof of said accounts.

11. SAME.
The clerk is entitled to charge for attaching duplicate jurats to the duplicate accounts of the deputy marshals, where the oath has been taken before him as to these vouchers in the marshal's account.

12. SAME.
The marshal's accounts are required to be made in duplicate, and this includes all oaths, copies of orders, and incidental proof as the department,

by its regulations, requires; and, wherever the charge for the original is proper, the clerk would be entitled to an equal fee for the duplicate.

13. SAME.

The clerk is entitled to a fee of 10 cents for administering oaths to accounts of deputy marshals, being their vouchers in the marshal's account, and for like services to the actual expense account of the chief office deputy marshal and district attorney.

14. SAME.

The clerk is entitled to charge at the rate of 15 cents per folio for entering the names and addresses of persons selected by him to be placed in the jury box.

15. SAME.

The clerk is entitled to charge the regular statutory fee for filing all papers sent up by the commissioner in criminal cases; for filing pleas in abatement in criminal prosecutions; for entering orders approving accounts of officers of the court, even though the rendition of said accounts may have been unnecessary, by reason of the failure of the officer rendering them to include the items therein in a previous account; and for filing certificates of deposit of money covered into the treasury; and for making the certificate of service indorsed on a writ of error sued out by the United States; and for entering on the minutes of court, in pursuance of an order thereof, the oaths of office of deputy marshals; and for making such certificates as the department has required by the forms furnished to the marshal.

16. SAME.

The clerk is entitled to a fee of $1 for issuing, in pursuance of an express order of court, commissions to the commissioners appointed under the act of May 28, 1896; and for filing each paper and docket sent up by the old set of commissioners, whose office had expired by virtue of said act, a fee of 10 cents; and a fee of 10 cents per folio for making copies of the orders appointing said commissioners, to forward to the attorney general.

17. SAME.

The clerk is entitled to a fee of 15 cents per folio for making reports of the disposition of certain cases, when called upon by a department of the government to do so; and, if those reports are required to be made on separate slips, each slip may be computed as a folio.

18. SAME.

The clerk is entitled to charge at the rate of 15 cents per folio for making report of the taking of testimony in an admiralty cause referred to him.

19. SAME.

The clerk is entitled to charge 10 cents for filing orders of court for the subpœna of poor persons, witnesses, who have applied, under Rev. St. § 878, for such order.

(Syllabus by the Court.)

F. W. Marsh, in pro. per, and Buckner Chipley, for petitioner.
John Eagan, for the United States.

SWAYNE, District Judge. The petition shows that the petitioner has complied with all the requisites of the act of congress of March 3, 1887, conferring jurisdiction on this court to hear cases of this nature. Taking up the schedules as they are presented in the petition, and demurred to in toto by the government, I am able to discern the following principles applicable thereto:

Schedule A: For entries in the minutes of the court in criminal cases, charged as separate entries as to each proceeding, but disallowed by the comptroller on the ground that they must be counted consecutively, and allowed as a single entry for any and all proceedings on a particular day. It may be well to preclude what may

be said as to this question by setting forth a copy of the order of the court in the premises:

"It appearing to the court that the adoption of forms as a guidance to the clerk of this court in making the journal entries in criminal cases would be both expedient, and a protection to said officer, the following forms are hereby adopted, and declared to be proper entries in criminal cases; each motion, order, plea, or sentence to be made separate and distinct." From the order of April 7, 1896.

The court has therefore set out what shall be criminal entries, and that it is not a mere recital of proceedings, but places on record the orders, motions, pleas, verdicts, sentences, etc., incident to the prosecution; separating each in a paragraph by itself. Petitioner contends that, as each order or proceeding is entered in a separate paragraph, he is entitled to be paid at the rate of 15 cents per folio for each of said entries, under section 828, subd. 8, Rev. St., which reads:

"For entering any return, rule, order, continuance, judgment, decree, or recognizance or drawing any bond, or making any record, certificate, report or return, for each folio, fifteen cents."

And section 854, Rev. St.:

"The term folio in this chapter shall mean one hundred words, counting each figure as a word; when there are over fifty and under one hundred words, they shall be counted as one folio; but a less number than fifty words shall not be counted except where the whole statute, notice, or order contains less than fifty words."

The supreme court, in passing upon the construction of the former section relative to the making up of the final record in criminal cases, holding such to be but one instrument, says, in connection with the entries in litigation here:

"By this method of computation the clerk charges for each entry, many of which are less than a dozen words in length, as for one hundred words. This may be proper where the charge is made under the first clause of the paragraph, 'For entering any return, rule, order,' etc., upon the journals of the court." U. S. v. Kurtz, 164 U. S. 50, 17 Sup. Ct. 15.

The same view of this paragraph is taken by the court in Cavender v. Cavender, 3 McCrary, 383, also reported in 10 Fed. 828.

The fact that the entries are kept separate, as to each proceeding, under order of court, and for a purpose which the court has already adjudged sufficient, makes the method of computing the folios seem correct; and the clerk's fees should be allowed in accordance with this method.

Schedule B: Consisting of several items for "swearing on the first day all persons summoned, and those thereafter on special venire, before they had qualified and been accepted as jurors, as to the truth of their answers relative to their qualifications as grand or petit jurors." Disallowed by accounting officers, and claimed to be merged in the docket fee. It is the established practice in this district, on the first day of the term, for the clerk to call the names of those persons appearing on writ of venire facias whom the marshal has returned as found. They are then sworn by the clerk, at the bar

of the court, "well and truly to answer all questions touching their qualifications to sit as petit [grand] jurors in and for the Northern district of Florida"; and those of them found to possess the statutory qualifications are impaneled, and those not qualified are then excused, without ever becoming jurors at all, or serving in such capacity. It is contended by petitioner that this service does not fall within the exceptions of subdivision 4, § 828, Rev. St., which provides, "For administering an oath or affirmation, except to a juror, ten cents," but that the oath is not one to a juror, but to a person who has presented himself pursuant to summons, and who has not qualified as such. Bouvier's Law Dictionary defines a juror to be "a man who is sworn or affirmed to serve as a juror." 1 Bouv. Law Dict. 684. Also 2 Toml. Law Dict. p. 299: "One of those persons who are sworn on a jury." And Burrill's Law Glossary (volume 2): "One of a jury; a person sworn on a jury; a juryman." The exception in the above paragraph of the Revised Statutes is undoubtedly made to apply to the oath administered to the jurors on voir dire, when being examined relative to specific cases, and the general oath to the jury; but the claim here is for an oath to a person who has never become a juror, and could not properly be designated by that name. The statute will be strictly construed as against the contention of the government. Judge Hammond has thoroughly and learnedly gone over this question in Clough v. U. S., 55 Fed. 921, upholding the contention of the petitioner; but, so far as I am able to ascertain, the question has not been passed upon otherwise. As the claim is not for swearing a juror, but a person whom the court has directed to take an oath in order to ascertain his qualifications as a juror, the charge is a proper one.

Schedule C: "For entry on journals of the court of orders for the removal of United States prisoners, who were at the time confined in county jails, other than at the place of trial, under mittimus of United States commissioners; and for three certified copies of such order, furnished to the marshal; and for filing and entering the return of the marshal." This court held in Puleston v. U. S., 85 Fed. 570, that these charges did not fall within the purview of section 1030, Rev. St., and that a United States marshal was entitled to charge the statutory fee for the service of such orders, and fully investigated and set forth the practice in this connection; approving the case of Taylor v. U. S., 45 Fed. 538. It is therefore unnecessary to further go into this subject.

Schedule D: For entering orders in the journal of the court remanding prisoners to custody after trial of a cause, and for orders for the production of prisoners for sentence. These charges are analogous to those in Schedule C, and have been disallowed on the same ground. The practice in this regard has been fixed by the court, as set forth in Schedule A, by which it is prescribed that an entry of an order remanding prisoners who are convicted, and before sentence, if same should not be pronounced on the same day as the conviction, should be entered as of course. Hence, if section 1030, Rev. St., has no application, then the clerk would be entitled to his fee. Said section reads:

"No writ is necessary to bring into court any person or prisoner in custody, or for remanding him from the court into custody, but the same shall be done on the order of the court or district attorney, for which no fee shall be charged by the clerk or marshal."

The only question presented is, does this fee refer to the writs, or to the orders? There is no charge here for a writ or order, but for the entry of a proceeding of the court. It may happen that this is an order of the court for the defendant to appear for sentence, or an order remanding him. The charge is for an entry, and this cannot be affected by this section. The fee there spoken of—construing it strictly—refers to the issuance of a writ. At least, a liberal construction in favor of the petitioner would admit of this, and "words should be construed liberally, in favor of the officer, and not strictly, in favor of the United States." McKinstry v. U. S., 40 Fed. 818 (opinion by Judges Pardee and Lamar); Taylor v. U. S., 45 Fed. 538; Puleston v. U. S., 85 Fed. 570.

Schedule E: Issuing præcipe to jury commissioner for the Northern district of Florida, under rule 5, rules of practice of the circuit court. This fee is provided for by subdivision 1, § 828, Rev. St.: "For issuing and entering every process, commission * * * or other writ * * * one dollar." The issuance of this process is rendered necessary by rule 5, rules of practice of this district, which reads: "Upon the receipt and entry of an order for filling the jury box (also drawing the jury) the clerk will issue a præcipe to the jury commissioner, citing such order, and directing him to attend on a day certain," etc. This præcipe is a summons, and the only method prescribed for obtaining the proper attendance of the jury commissioner on the day selected by the clerk for the drawing of the jury. The fee is provided for by this section of the Revised Statutes, and therefore the charge is proper. Goodrich v. U. S., 47 Fed. 267; Clough v. U. S., 55 Fed. 921. The former case holds a charge for a præcipe to a jury commissioner to be a proper fee, and the latter that a commission to a supervisor of elections was properly charged for.

Schedule F: For entering memorandum of the filing of any particular paper, in civil causes, filed by and on behalf of the United States, in the record known as the "Clerk's Combined Docket," under rule 8, rules of practice of this district. The said rule provides:

"The clerk of this court shall keep a Clerk's Combined Docket, of all causes and proceedings, commenced or brought into this court on the civil side, upon which shall be entered at the time of its commencement, every suit or proceeding, with a memorandum of the time and manner of its commencement, the nature of the action, and the name of the attorney or solicitor of the plaintiff or complainant, and of the defendant, if he shall appear, and a memorandum of all papers filed, of the issue and return of process, of the fees and costs, as the same shall be taxed from time to time, and shall enter therein all rules and orders made and entered by the clerk as of course, during the progress of the cause."

It is contended that the fee for making the record entry of the time and manner of filing any particular paper, with a description thereof, is merged in the docket fee. It will be observed that this rule provides the method of keeping this docket, and, further, that

certain records shall be kept therein. In fact, this book is a condensed record of all matters relative to the case. It might as consistently be contended that the entry of all orders entered as of course by the clerk, and the return of process, would be covered by the docket fee; but these items are allowed invariably, although their entry is in the same manner, and upon the same page of this record. Judge Whitney, in Amy v. Shelby Co., Fed. Cas. No. 345 (decided Aug. 7, 1872), in passing on this question, says:

"The accounting officers of the proper department of the government allow ten cents for filing each paper, and fifteen cents additional for entering in the calendar a note of the filing; holding, I suppose, that such entry is a record, entitling the clerk to a fee of fifteen cents a folio. When the number of words are less than one hundred, they are counted as a folio; and, inasmuch as such entry is in fact a record, I am inclined to regard the department construction the proper one, which gives the clerk ten cents for filing a paper, and fifteen cents for the record entry in the calendar."

It therefore seems that up to 1872 the department allowed these items, and has since changed; but upon what judicial decision, I am unable to find. The charge seems to be proper. In some cases, where there are 300 or 400 papers filed, or in cases such as the one just cited, where there were 2,000, the docket fee is grossly inadequate to compensate the clerk. The docket fee is made to apply to those acts which are similar in all cases, such as the entry of the style of the cause in the various dockets, the indexing, swearing the jury, taxing costs, and other analogous acts; and the supreme court has not been disposed to broaden the meaning and scope of this paragraph, as in the case of U. S. v. Van Duzee, 140 U. S. 199, 11 Sup. Ct. 941; and it should not be construed to increase, to a burdensome extent, the duties of the clerk under this fixed fee, but should be classed under the expansive clause relative to entries. This record entry seems distinct from such acts as are classed under the docket fee, and should be allowed as a record entry.

Schedule G. Item 1: This item is proper and ordinary, and, unless some clear rule of law, or some fact as to its fairness, is shown to the contrary, should be allowed.

Items 2 and 3: In swearing a person to an ordinary affidavit, a clerk of a United States court acts merely in the capacity of a notary public, and it is the usual practice to attach his seal. There are no authorities directly on this point, but it seems reasonable to allow a clerk the regular fee of 10 cents for the oath, 15 cents for the certificate, and 20 cents for the seal, where a paper requires an oath, and proper evidence of same, before it can be filed. See Rev. St. § 900. Rev. St. Fla. § 221, provides as fees for notaries public: Oath, 10 cents; certificate and seal, 50 cents,—and speaks of a certificate and seal in conjunction, and makes no separate fee for either. It would seem that the clerk ought to receive for analogous acts what a notary public by law can charge; and, if the district attorney had gone before a notary public, he could have been required to pay 60 cents for the same services that the clerk here charges 45 cents for. I think that it may fairly be said that the seal is required, and that, as the district attorney and the court have never waived the placing of the seal to such affidavits, it is a proper charge. Section 900,

Rev. St., requires, in the re-establishment of lost records, "a copy [of application] of it shall be served personally upon every person interested therein, together with written notice that on a day there-in stated," etc.; and the order of the court in the cases in which the charge for seals to certified copies of this notice is made spec-·· ified what this notice was to be, to wit, to be issued by the clerk, under seal of the court, giving the defendants certain notices, etc. The only way these notices could be served by the marshal was by copy. Should that copy be under seal? I think, from the tenor of the order, it should be a certified copy, including the seal.

Items 4, 5, 6, 7, 8, 11, 14, 15, 16, 17, 18, 19: Where a duly-cer-tified copy of an order of court is required, does this not also imply the formal authentication of that order? In this instance the clerk was directed by written order of court to make a duly-certified copy of an order, to be transmitted to certain persons for a particular purpose. The charge for the seal was disallowed in each instance, as being unnecessary. It is the general rule that, whenever a copy of any official record in the clerk's office is required to be duly au-thenticated, a seal should be affixed to the certificate. The supreme court, in U. S. v. Van Duzee, 140 U. S. 175, 11 Sup. Ct. 760, says:

"The question is not so much what the law requires as a sufficient au-thentication of the copy of an order for formal proof of such order in a case upon trial, but what method of authentication the department requires. The department has the right to waive the formal proof which would be required in a court of law."

But in these items the question is not between the department and the clerk. Neither has there been any waiver of formal proof by the person to whom these copies were required to be given, but, on the other hand, in most instances an order of court was made, directing a duly-certified copy to be made. If this does not require a seal, what can the phrase mean? When can the clerk determine whether a seal is proper or not? Is there any rule left to adhere to? Clear-ly, whenever a duly-certified copy is required, unless express waiver of a seal is expressed, the clerk should attach a seal. In Taylor v. U. S., 45 Fed. 535, Justice Jackson says:

"Upon principle, a court of record can only speak from its records, and, when the original cannot be used, can only speak, outside the court, from a copy of the records, duly authenticated; * * * the general principle being that, where copies of court records are to be used as evidence elsewhere, the highest form of authentication known to the law should be employed."

As in some or most of these items the court directed the form of authentication, it will be binding on the government; and the su-preme court, in the above citation, clearly laid down the principle that, unless such waiver was in some way shown, the officer ought to adhere to the rule of proper authentication, by the affixing of the seal. At least, it seems a proper inference.

Items 9, 12, 13: The auditor in these items required a copy of a certain order, or a certificate of certain facts, to be furnished as proof in the adjustment of certain accounts. There was nothing said in his directions as to the seal, or manner of authentication, but a certificate or certified copy was required. There seems to be no

general rule of the department in this regard, as in some instances certificates with seals are required, and in others no seal. This item seems not to fall within any regulation. How was the clerk to know that the formality of a seal had been waived by the auditor? The certificate was made in the customary manner, and a seal attached. Unless the auditor expressly waived this formality, it should be allowed, as per previous authority.

Item 10: For seals to copies of orders on marshals to furnish meals to juries. In instructions to marshals (Cousar's Dig. 222) such copies of orders are required. Nothing is said as to the necessity of seals, but the following certificate is required: "A true copy from the minutes. ———, Clerk." I believe this is properly construed as a waiver of the formality of the seal, and a strict compliance with the instructions would render a seal unnecessary.

Item 20: This charge is for a certified copy of an order for procuring books of record for the clerk's office in Tallahassee. The copy of the order was required by the department in order to pass upon the requisition for money for the payment thereof. It is contended that the clerk should have complied with certain requirements then unknown to him, but, as the department required the copy as evidence, it should have been allowed in the clerk's fees.

Items 21, 22: For preparing orders under the direction of the court. The court often desires, of its own motion, to make certain orders, and in these instances called upon the clerk to prepare the same. It is contended that there is no fee provided therefor. Subdivision 8, § 828, Rev. St., provides, "For entering any return, rule, order, continuance, judgment, decree or recognizance, or drawing any bond, or making any record, certificate, return or report, for each folio, fifteen cents." On the other hand, it may be suggested that, as the clerk is required by lawful authority to draft an order, the doing of this work, and the subsequent submission of the same to the court, may be classed under the head of "Making a Report." I think this would not be an overliberal construction.

Items 23, 38: Making certificates to marshal's accounts relative to the issuance of bench warrants, as required by regulations. These regulations referred to in this item will be found in Cousar's Dig. 232. The marshal construed this to require him to furnish a certificate to the effect that all bench warrants had been properly issued. The department now claims that such certificate was not required, but as the matter was not determined until after these services were performed, and the marshal adopted this construction, and called for these certificates, based upon these requirements of the department, it seems fair that the government should be held liable therefor.

Item 24: Duplicate jurats to accounts of deputy marshal's actual expense accounts. It is hard to understand why the accounting officers disallowed these items. The act of February 22, 1875 (18 Stat. 333), requires that accounts and vouchers of marshals be made in duplicate. The duplicate filed in the office of the clerk must, in fact, be a duplicate of the account transmitted to the attorney general, and not merely a copy. Cousar's Dig. 216, "Instructions of

Attorney General." And "a deputy must swear to his voucher. This affidavit must be executed before an officer having general authority to administer oaths, and must be on or attached to the voucher." "Instructions of Attorney General," Id. 233. In re Marsh, 2 Compt. Dec. 482, the comptroller decided that a clerk was entitled to 10 cents for administering oath to a deputy marshal, 15 cents for original certificate, and same for duplicate certificate to the voucher. I understand that this has since been the ruling of the department, and it undoubtedly is correct under the law. The duplicate jurat in these instances seems necessary, equally so with the original, and will be allowed on the same ground.

Item 25: Copies of certain orders furnished to the marshal. This service was required by the marshal to attach to his account, under "General Directions of Attorney General," Cousar's Dig. 233:

"Emergencies may arise where it will be impossible to first obtain authority from the department, but in all such cases the facts must be clearly set forth, and these particular expenditures specially approved by the court."

The circumstances of these charges are thus: The court ordered the marshal to procure benches to accommodate a great crush of witnesses,—the need was immediate,—which order was entered of record. This order was in effect a special approval of these particular expenditures, and necessarily should be certified to the department, accompanying the marshal's account, in analogy to other orders approving the marshal's accounts. The services of the clerk in this particular were actual and necessary.

Items 26, 27, 32, 43, 51, 53: Fees for the duplication of proofs of orders, certificates, etc., in cases where there is no question as to the legality of the original, to be attached to accounts current of court officers. In no item of these charges is there a claim that the certified copy of the order approving the account should be in duplicate, but merely such proof as is required to be attached to witness and juror pay rolls, or certificates relative to the entry of orders for the marshal to furnish meals to jurors. The accounts the marshal renders to the court must in fact be a duplicate. Supra, item 24. etc. This applies to every detail, and this must in fact include all such proofs as the department requires relative to the items, vouchers, oaths, copies of orders and certificates, as each account serves a different purpose,—the one, for settlement at the department; the other, for deposit for inspection among the files of the court. All items here should be allowed. Cousar's Dig. 66.

Items 28, 30, 31, 36, 37, 48, 49, 50: For administering oaths to accounts of deputy marshals (their vouchers in the marshal's account), actual expense account of chief office deputy and district attorney, and jurat to original and duplicate. These questions have been thoroughly adjudicated in favor of the petitioner in the cases of Puleston v. U. S., 85 Fed. 570, and In re Marsh, 2 Compt. Dec. 482, and upon that authority should be allowed. The former case held that the marshal was entitled to be reimbursed for expense incurred for oath and jurat to his current accounts after the passage of the act of May 28, 1896; and in the latter the comptroller allowed the same fees in other items charged.

Item 29: Entering on slips of paper the names of jurors, to be. placed in the jury box. In Fuller v. U. S., 58 Fed. 329, Judge Newman, of Georgia, says:

"For entering names of jurors, with post-office addresses, on slips of paper for the jury box, the clerk is entitled to charge 15 cents per folio. In the case of U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439, the supreme court, in discussing services of this kind, says: 'We think that the construction given to this section is conclusive against the claim of the clerk for per diem services in the drawing of juries, or for such services as are not taxable, as orders, certificates, or the like, under section 828, fixing the compensation of clerks.' The clerk has made his charge for this service under subdivision 8, § 828, Rev. St. * * * The charge is 15 cents per folio, as for making any other record, and it seems to be the only proper way in which the clerk can be compensated for his service."

This decision seems very clear, and should be followed.

Items 33, 39, 58: Filing papers in criminal cases. It is admitted that five out of the twelve filed were by defendant. The five demurrers filed by the district attorney in item 33, and two papers in item 39, are undoubtedly correct, and arose over a misapprehension as to the party who filed them, and seem to be among the usual and ordinary costs allowed. As to the filing of pleas in abatement, it may be said that the accounts show that a fee for entering a plea to the indictment when the prisoner is arraigned is unquestionably allowed, together with the other journal entries; no deduction from the journal entries being made in the number of folios for this entry. I can find no ground for a distinction being made as to pleas in abatement. The one is as much a part of the expense of the prosecution as the other, and, in accordance with the practice of the accounting officers in that particular, should be allowed.

Items 34, 35, 40: Entering orders approving accounts of officers of the court, and certified copies, certificates, and seals, for forwarding to the department. It is contended, in connection with these items, that these accounts should have been rendered with the regular quarterly accounts, or that they should have been included with other accounts. With this the clerk had nothing to do. The court in fact made the orders or approval; and it was necessary that the clerk enter them, and make out the copies for transmission in accordance with law. So far as these items were concerned, it made no difference whether the officer presenting them had complied with the regulations of the department or not. That was not a matter for the determination of the clerk. He was only concerned in their proper transmission to the department. And there can be no question of law relative to their justness, as the supreme court, in U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, has expressly so declared. See, also, Jones v. U. S., 39 Fed. 410; Erwin v. U. S., 37 Fed. 470; Marvin v. U. S., 44 Fed. 405.

Items 41, 44: Entering on the minutes of the court, in pursuance of rule 9, § 5, rules of practice of United States courts, Northern district of Florida, the oaths of office of deputy marshals. It is hard to understand why the department clerks, in the face of a plain decision of the supreme court, will disallow items properly charged. These items are discussed and allowed in full in the case of U. S.

v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, sustaining the court in Van Duzee v. U. S., 41 Fed. 571; the ruling being plain, and leaving no doubt as to the justness of these charges.

Item 45: This item is for an entry of an order in a civil case prosecuted by the government at the instance and for the benefit of the government, and the fee therefor is correct legally, and no question can be maintained on demurrer relative thereto.

Item 46: For filing certificates of deposit of money covered into the treasury by the clerk. The treasury department has a summary method of declaring accounts closed after a quarter's accounts have been passed upon, allowing no supplemental account for other fees omitted. At least, such was their ruling in these items. But as there is no such rule of law binding on the courts in this respect, and no statute of limitation, except as to six years, these items should be allowed, under the ruling of the supreme court in U. S. v. Kurtz, 164 U. S. 53, 17 Sup. Ct. 15; item 5 in said opinion allowing these fees.

Item 47: Indorsing on writ of error sued out by the United States the certificate of service, as made by the clerk. The accounting officer who made this disallowance seemed to be wholly ignorant of the legal method of serving writs of error, contending that such services were the duty of the marshal who effected the service of the writ; seeming not to understand that by law the clerk effected service by lodging a copy with the files of his court, and returning such writ, with the certificate of such fact indorsed thereon,—no other officer having any duty to perform in said service. If the department had understood this, I feel sure that the item would have been allowed. It is a proper charge, and required by section 1007, Rev. St.

Item 52: For making certificates relative to the entry of orders to furnish meals to juries. The blank forms furnished by the department (form 8) to the marshals require this particular certificate to be made by the clerk. These forms had the effect of a specific requirement for these certificates, and, under the ruling in the case of U. S. v. Allred, 155 U. S. 591, 15 Sup. Ct. 231, should be allowed.

Items 54, 59: Administering oaths and affixing jurat in proof of accounts of office deputy marshals and district attorney after the passage of the act of May 28, 1896, and swearing bailiffs attending upon juries. These fees seem to fall within the ruling of this court in the case of Puleston v. U. S., 85 Fed. 570; and the latter item, under the ruling in the case of Davis v. U. S., 45 Fed. 162.

Item 55: Issuing commissions to the new commissioners appointed by the court, as per order of court. In accordance with the express orders of the court, July 1, 2, 3, 1897, commissions were issued to the four commissioners appointed under the act of May 28, 1896, which required the district court to appoint such number of commissioners, etc. "The appointment of such United States commissioners shall be entered of record in the district court." Although there is no specific requirement relative to the issuance of such commissions by the court, yet the order of the court has the effect and operation of law. "When the clerk performs a service in obedience

to an order of court, he is as much entitled to compensation as if he were able to put his finger upon a particular clause of a statute authorizing compensation for such services." U. S. v. Van Duzee, 140 U. S. 169, 176, 11 Sup. Ct. 758. Hence the order of the court requiring the issuance of these commissions is conclusive, and the fee proper, under section 828, subd. 1: "For issuing and entering every process, commission, etc., $1.00."

Item 56: Making copies of orders appointing commissioners, and certificate and seal, sent to attorney general. The above-cited act also requires "notice thereof [of the appointment of a commissioner] at once given by the clerk to the attorney general." 29 Stat. 184. For such notice there is no other fee, except as for a copy of the order. As the law requires a notice, the selection by the clerk of this form is a compliance with the act, and should be regarded as actual and necessary.

Item 57: The same act also requires that "said commissioners shall then deposit all records and other official papers appertaining to their offices in the office of the clerk of the circuit court by which they were appointed." Does this authorize the filing by the clerk of all papers sent in under this act? It seems clear that they become part of the records and files of the court. Some of the papers so sent in would in any event be sent up to be filed by the clerk, being papers in criminal cases, which there is no dispute as to the duty of the clerk to file; and in fact all but five dockets are papers of this nature, which should have been filed in any event. As to the others, as they become part of the files of the court they should be properly indorsed and placed on the files. It is necessary for the clerk to maintain possession of the papers so sent up, to place them away in a safe place, and do all such acts as are included in the filing fee. There is no other compensation provided therefor, and the clerk should not be thus burdened without compensation, when there is an adequate and proper fee.

Item 60: Making 11 separate reports, upon request of a department of the government, relative to the disposition of certain criminal causes. Subdivision 8, § 828, Rev. St., provides a fee for "making any report, for each folio fifteen cents." One of the departments of the government forwarded blank forms, upon which the clerk was required to make up a report of certain criminal cases, and judgments therein. Each case in which this data was required was placed on a separate sheet by the department, thus requiring a separate report in each case. The fee for searching for these judgments was allowed, but the report disallowed. It seems clear that the latter fee is proper, under this paragraph of the fee bill, and should be allowed.

Item 61: For making report relative to the method of taking testimony in an admiralty cause, in pursuance of an order of court. The government maintains that the fee for taking and certifying depositions at 20 cents per folio covers this fee of the commissioner for making his report, under rule 35, admiralty rules of this district. This charge was made under subdivision 8, instead of subdivision 6, § 828, Rev. St. The number of folios of testimony was estimated at 20 cents per folio, and the number of folios in the re-

port at 15 cents. If the clerk had made the charge as the department claims he should, he would have been entitled to 25 cents more than he claimed; but, estimating in the usual and proper manner, it is disallowed, seemingly on the ground that it is not a sufficient charge for the services, for if the estimate of the total number of folios had been on the basis of 20 cents per folio, as for depositions, then the clerk's charges would have been for five folios more than they were. The method here charged for seems correct, and should have been allowed.

Item 62: Filing affidavits for subpœna of witnesses in pauper criminal cases, with the order of the court indorsed thereon, directing same to be issued, etc.. For filing this affidavit with the order indorsed thereon, it is contended, on two grounds, to be correct: First, that the fee is for filing an order of court for issue of subpœna for defendant's witnesses at the cost of the government. The comptroller of the treasury, upon an appeal taken by the clerk, allowed the fee for entering these same orders in the journals of the court, in pursuance of section 878, Rev. St., which declares, "In such cases the cost incurred by the process and the fees of witnesses *  *  * shall be paid in the same manner as witnesses subpœnaed in behalf of the United States." What is the cost of process? Clearly, under the ruling of the comptroller, the fee for entering the order is allowed (2 Compt. Dec. 578), but the fee for filing the order disallowed, which is a very unreasonable and illogical discrimination. The fact that this order is indorsed on the back of the affidavit is immaterial. The clerk can now elect to charge his filing fee as for the order. It is unnecessary to discuss the second contention, relative to the legality of the fee independent of the indorsement of the order.