## UNITED STATES v. MARSH.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1899.)

No. 781.

JURISDICTION OF CIRCUIT COURTS—SUITS AGAINST UNITED STATES—EFFECT OF AMENDMENT OF STATUTE.

The effect of the act of June 27, 1898 (30 Stat. 494), amending section 2 of the judiciary act of 1887–88, which gave the circuit and district courts jurisdiction of suits on claims against the United States, by excepting from such jurisdiction cases brought to recover fees, salary, or compensation for official services of officers, was to deprive the circuit and district courts of jurisdiction to further proceed in such cases then pending therein; and a judgment thereafter rendered in such a case will be reversed on appeal, with directions to dismiss.

In Error to the District Court of the United States for the Northern District of Florida.

J. Ward Gurley, for the United States.

F. W. Marsh, in pro. per.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This is a suit brought on the 28th day of February, 1898, by Frederick W. Marsh, clerk of the circuit and district courts for the Northern district of Florida, against the United States, to recover certain fees for services rendered as clerk in said courts, which had been disallowed by the accounting officers of the United States. Various proceedings were had therein, culminating on July 11, 1898, in a judgment against the United States for the sum of $292.65, with interest from February 28, 1898. 88 Fed. 879. On the 19th day of November, 1898, the United States sued out a writ of error, removing the case to this court; and the record was filed on November 26, 1898. By a supplemental record it appears that on January 25, 1899, at the same term in which the judgment was rendered, the United States, through its attorney, moved in the district court to vacate and annul the aforesaid judgment because at the date of entry of said judgment the said court had no jurisdiction to hear or determine this suit, nor to enter said judgment on its record, as the jurisdiction of said court to hear and determine causes of the kind had been taken away by the act of congress approved June 27, 1898 (30 Stat. 494), and that on March 6, 1899, the said motion to vacate and annul the judgment for want of jurisdiction was granted, and an order to that effect entered on the minutes of the court. On this state of facts, the case has been submitted in this court.

During this term, in the case of U. S. v. McCrory, 91 Fed. 295, we had occasion to consider the effect of the act of congress approved June 27, 1898, as follows: "Sec. 2. That section two of the act aforesaid, approved March third, eighteen hundred and eighty-seven, be, and the same is hereby, amended by adding thereto at the end thereof the following: 'The jurisdiction hereby conferred upon the said circuit and district courts shall not extend to cases brought to recover fees, salary or compensation for official services of officers of the United States or brought for such purpose by persons claiming

as such officers or as assignees or legal representatives thereof.'"
30 Stat. 495,—and to hold that, as the act in question took away the
jurisdiction of the district court in suits brought by officers for fees,
its effect was to .defeat the useful exercise of the appellate jurisdic-
tion of this court, and the proper action was to enter an order abat-
ing the writ of error. The difference between the Case of McCrory
and the present one is that in the former the judgment of the dis-
trict court was rendered before the passage of the act in question,
and in the present case the judgment was rendered after the act was
passed. The proceedings had in the district court on the motion to
vacate and annul, although at the same term, were had after the
case had been removed to this court, and after the district court was
for the time being deprived of any jurisdiction in the case which it
may have originally had. It is probable that, if the present writ
of error should be abated, the proceedings already had in the dis-
trict court would show an annulment of the judgment; but, for
greater certainty in the matter, it is deemed proper, as we have ju-
risdiction to review the judgment of the district court, to enter a
judgment reversing the judgment of the district court rendered on
July 11, 1898, and remanding the case, with instructions to dismiss
the suit; and it is so ordered.