### HENDRIKSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 3, 1918.)

#### No. 1546.

CRIMINAL LAW ⚬⟱631(4)—TRIAL—SERVICE OF LIST OF JURORS—RULES OF COURT.

It is within the powers of a District Court to make and enforce a rule prohibiting the disclosure of names of jurymen drawn for a term to any party prior to two days before the beginning of the term, and such rule may be enforced in criminal cases, where the offense is less than capital.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against F. L. Hendrikson and C. H. Hendrikson. Judgment of conviction, and defendants bring error. Affirmed.

W. Turner Logan, of Charleston, S. C., for plaintiffs in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. Plaintiffs in error, hereinafter called defendants, were convicted in the District Court for the Eastern District of South Carolina of stealing a quantity of zinc blocks, copper wire, and other articles, the property of the United States. The first

and principal question raised by the assignments of error is this: Some five days before the opening of the term at which defendants were to be tried, their counsel applied to the clerk for a list of the jurors who had been drawn and summoned. This request was refused by the clerk in obedience to a rule of the District Court which forbids disclosure of the names of jurymen "to any party whomsoever (save to the marshal of the court to be summoned) prior to two entire days before the first day on which any term or postponed term is to be holden whereat such jurors should serve." When the case was called for trial, counsel moved for a continuance, because the jury list had been refused, and the motion was denied.

We put aside as unimportant in this case the government's contention that the denial of a continuance was discretionary, and therefore not subject to review, and that defendants are not shown to have been prejudiced in any way by failure to get the jury list when requested. It is enough to say that the motion was not addressed primarily to the discretion of the court, but involved rather the assertion that defendants had been denied a right to which they were entitled, and the opinion of the learned District Judge shows that it was so regarded and decided. Moreover, if defendants had the right to be furnished with the list of jurors at the time application was made therefor, the presumption would be indulged that they were prejudiced by its refusal.

The controlling question, as we conceive, is the question of the power of the court to make and enforce the rule. Does it take away or abridge any substantial right, constitutional or otherwise, secured to defendants and those in like situation? There is no federal statute of direct application. Section 1033 of the Revised Statutes (Comp. St. 1916, § 1699) provides in substance that a copy of the indictment and a list of the jury shall be furnished, at least three entire days before his trial, to a person indicted for treason, and at least two entire days before his trial to a person indicted for any other capital offense. As this is the only provision on the subject, it would seem to follow, on the principle that inclusion of one is exclusion of another, that if the indictment be for a crime of lesser degree the jury list cannot be required and need not be furnished in advance of the trial. In United States v. Van Duzee, 140 U. S. 169, page 173, 11 Sup. Ct. 758, page 760 [35 L. Ed. 399], this was apparently assumed to be the settled rule of law, as it is incidentally remarked in the opinion:

"Nor is he entitled to a list of witnesses and jurors."

In the Shelp Case, 81 Fed. 694, 697, 26 C. C. A. 570, 573, it is said:

"If the indictment is not for a capital offense, the defendant is not entitled, as a matter of right, to a list of witnesses or jurors."

The general doctrine is stated in Pointer v. United States, 151 U. S. 396, 407, 14 Sup. Ct. 410, 414 (38 L. Ed. 208), as follows:

"In respect to the qualifications and exemptions of jurors to serve in the courts of the United States, the state laws are controlling. But Congress has not made the laws and usages relating to the designation and impaneling of jurors in the respective state courts applicable to the courts of the United States, except as the latter shall by general standing rule or by special order in a particular case adopt the state practice in that regard.

\* \* \* In the absence of such a rule or order, \* \* \* the mode of designating and impaneling jurors for the trial of cases in the courts of the United States is within the control of those courts, subject only to the restrictions Congress has prescribed, and also to such limitations as are recognized by the settled principles of criminal law to be essential in securing impartial juries for the trial of offenses."

This declaration covers the instant case and leaves practically nothing to be said. The necessary implication is that the rule under review was within the power of the District Court and that, so far from taking away any right possessed by defendants, it served rather to grant a privilege which otherwise they could not assert. It is needful only to add that nothing appears in the record before us to suggest that this power has been unwisely or improperly exercised.

The remaining assignments of error are based upon certain instructions to the jury, including those that were refused in the form requested by defendants. We have carefully examined these contentions without finding any of them of sufficient merit to require extended discussion. Complaint is made that defendants were prejudiced by the statement that "the charge in this case against them is intensified by the fact that both are employés of the government," with some amplifying comment. But the fact had repeatedly appeared in testimony and was wholly undisputed. It was alluded to by the trial judge as an aggravating circumstance, if defendants were guilty; but he took care to explain that it did not enter into the consideration of whether or not they were guilty, and made this plain by saying: .

"They are to be judged by the same rules of testimony which would apply to any one; that is to say, that the testimony sufficient to establish their guilt must be as strong as in analogous cases would be the case for the charge against another."

In short, we are not persuaded that the instruction here referred to was misleading or otherwise harmful.

The explanation of what was meant by "reasonable doubt" is alleged to involve an erroneous statement of the law; but the argument is quite unconvincing. Indeed, the definition of this term by the learned district judge is practically identical with the definition approved by the Supreme Court in Hopt v. Utah, 120 U. S. 430, 7 Sup. Ct. 614, 30 L. Ed. 708, in which the subject of reasonable doubt is discussed at some length.

Of the remaining instructions to which exception was taken we deem it sufficient to say that they were warranted by the facts developed at the trial or were proper illustrations of the applicable principles of law. We are satisfied that defendants have had a fair and impartial trial, and the judgment of conviction should be affirmed.