MAUPIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 3, 1919.)

No. 1681.

CRIMINAL LAW ☞789(4)—INSTRUCTIONS—REASONABLE DOUBT.

An instruction in a criminal case on the subject of reasonable doubt and the presumption of innocence *held* correct.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against A. R. Maupin. Judgment of conviction, and defendant brings error. Affirmed.

G. T. Graham, of Lexington, S. C. (Timmerman, Graham & Callison, of Lexington, S. C., on the brief), for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. The plaintiff in error was convicted of illicit distilling in violation of sections 3258, 3279, and 3281 of the Revised Statutes (Comp. St. §§ 5994, 6019, 6021). The case is brought here on the narrowest technical ground. On the subject of reasonable doubt and the presumption of innocence, the following instruction was given to the jury:

"Where a defendant is placed on trial charged with an offense, the law presumes that he is innocent, and it devolves on the government to prove every material fact necessary to constitute the offense charged against him to the satisfaction of the jury beyond a reasonable doubt, and if the government has failed to do that then it is the duty of the jury to acquit the defendant."

This covers the subject fully, and it is of no consequence that the instruction was not in the language requested by counsel. Of course, there is nothing in the point that the charge should have been that it devolves on the government to prove every material ingredient necessary to constitute the offense instead of every material fact.

Affirmed.