## GUIGNARD v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 24, 1919.)

No. 1680.

1. INTERNAL REVENUE ⚖47—PROSECUTION FOR ILLICIT DISTILLING—SUFFICIENCY OF EVIDENCE.

Evidence *held* sufficient to support a conviction for illicit distilling.

2. CRIMINAL LAW ⚖778(2)—INSTRUCTIONS—BURDEN OF PROOF.

That an instruction charges that it devolves on the government to prove "every material fact" necessary to constitute the offense, instead of "every material ingredient," does not constitute error.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against A. T. Guignard. Judgment of conviction, and defendant brings error. Affirmed.

G. T. Graham, of Lexington, S. C. (Timmerman, Graham & Callison, of Lexington, S. C., on the brief), for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. [1] Defendant was convicted on an indictment containing four counts charging him with being engaged in illicit distilling in violation of sections 3258, 3281, and 3279 of the Revised Statutes (Comp. St. §§ 5994, 6019, 6021).

The testimony against the defendant was, in substance, this: On March 20, 1918, the witnesses Fanning, Austin, and Coleman, federal and state officers, and one Whitworth, while driving along a community road in Lexington county in a northerly direction toward Columbia, saw two men come out of a swamp about 250 yards from the road they were on. The automobile was stopped, and Austin and Fanning pursued the two men, who had turned and run back into the swamp upon seeing them. By tracks and the noise he made in going through the thick undergrowth, Fanning was able to follow defendant across the swamp where he had stopped upon being hailed. Fanning identified him as the taller of the two men he had seen run from the opposite side of the swamp. Defendant was then brought back to the point from which he had run, and thence was taken some 50 yards along the creek or swamp to the still which he is charged with having in his possession and operating. At the still, two fermenters, some beer, caps, several jugs containing a small quantity of illicit whisky, a worm, and other distilling apparatus were found. The pots, or stills, were warm, and their supports too hot to handle. Defendant was placed under arrest and carried back to the automobile. A flask containing a small quantity of illicit whisky was found on him, and his clothes were soiled with soot and beer at the time of his arrest.

No exception was taken to the refusal to allow the introduction of the drawing or plat offered by defendant, and therefore the question of its admissibility is not before us.

It was not error on the part of the court to charge that:

"This case is not, as has been said, a wholly circumstantial case. There are circumstances, but the mass of testimony is conflicting positive testimony."

The testimony as to the defendant's identity, his flight and capture was direct evidence.

Fanning testified that he found a half pint bottle containing "a little bit of whisky" in defendant's pocket at the time he was ar-

rested. Coleman testified that the bottle admitted in evidence was not the same as that found upon the defendant, but that it contained the same whisky. The defendant himself admitted having a bottle in his pocket when arrested, but testified that he counted it empty. Since the material circumstance was not that the whisky was produced in court in the same bottle as that found upon defendant, but that defendant had illicit or blockade whisky upon his person at the time of his arrest, it was not error for the court to so charge.

[2] There is nothing in the point that the charge should have been that it devolves on the government to prove every material ingredient necessary to constitute the offense instead of every material fact. Maupin v. United States, decided April 3, 1919, 258 Fed. 607, —— C. C. A. ——; Davis v. United States, 160 U. S. 469–493, 16 Sup. Ct. 353, 40 L. Ed. 499. In defining reasonable doubt the court said:

"Reasonable doubt is that which would control you in all important actions in your own affairs. It is frequently said a jury must find a man guilty without a doubt. You may find him guilty although you have some doubt, but you must not have any reasonable doubt."

Charges similar to this have been sustained by the Supreme Court and this court. Hopt v. Utah, 120 U. S. 430, 7 Sup. Ct. 614, 30 L. Ed. 708; Perkins v. United States, 228 Fed. 420, 142 C. C. A. 638; Hendrikson v. United States, 249 Fed. 34, 161 C. C. A. 94.

Affirmed.